VAN HAGEN *against* VAN RENSSELAER.

There was a special agreement in writing between *R* and *H.* relative to the sale and exchange of two farms, in which it was stipulated, THIS was an action of assumpsit. The declaration contained counts on a special agreement, and for goods sold and delivered, and the common money counts. The defendant pleaded *non assumpsit* and payment. The cause was among other things, that *R.* was to be allowed ten dollars per acre of the price of the farm occupied by *H.* as an equivalent for the release of all claims to it by *R.* The parties, afterwards, indorsed on the contract, an agreement that the price which *R.* was to pay and *H.* was to receive, as the price of his farm, should be forty dollars per acre. *Held*, that the stipulation indorsed, was not an absolute independent contract in itself, but was a modification, only, of the original contract to which it referred; and both were to be taken together as one instrument, and to be construed according to the intent of the parties, to be collected from the whole contract ; and there being no ambiguity in the agreement, parol evidence was inadmissible to explain it. The agreement endorsed, therefore, was not that *R.* was to pay *H.* absolutely, 40 dollars per acre for his farm, but that price subject to the deductions mentioned in the original agreement.

tried at the *Columbia* circuit, in *December*, 1819, before
Mr. Justice *Van Ness.* After the evidence was closed, the judge declared his opinion on the questions raised by the counsel, and the plaintiff tendered a bill of exceptions. The jury found a verdict for the defendant. The cause was submitted to the Court, without argument, on the record and bill of exceptions.

All the material facts are stated in the opinion of the Court.

PLATT, J. delivered the opinion of the Court. This is an action on a special written agreement for the sale and exchange of two parcels of land, dated the 18th of *November*, 1814. The contract is very complicated in its provisions; but so far as is material to the questions now before us, I consider the substance and legal effect of the instrument to be as follows : *Van Rensselaer* contracted to sell and convey to *Van Hagen* a tract of land, called the *Green River* farm, for 6,000 dollars. *Van Hagen* then occupied a farm at *Kinderhook*, which *Van Rensselaer* claimed ; and the title was in dispute between them. It was agreed, that the farm so possessed by *Van Hagen*, should be sold on an execution in favour of one *Borland*, on the 1st day of *April* then next; if it could not, in the mean time, be sold at private sale ; the defendant (*Van Rensselaer*,) engaging to bid at least 30 dollars per acre, if sold at sheriff's sale. And in order that there might be no sacrifice on account of the disputed title, it was stipulated, that *Van Rensselaer* should unite in the conveyance, so as to vest a clear title in the purchaser ; and to complete the compromise, it was further agreed, that upon the sale of the farm, in cither mode, 10 dollars per acre of the price of the disputed farm, should be paid or accounted for by *Van Hagen* to *Van Rensselaer*, as an equivalent for the release of *Van Rensselaer's* claim. *Van Rensselaer* engaged to pay off the execution of *Borland* against *Van Hagen ;* and then an account was to be stated between these parties, as follows, viz. : *Van Hagen* to be made debtor, 1. For the *Green River* farm, 6,000 dollars ; 2. Amount to be paid by *Van Rensselaer*, on *Borland's* execution, and other incumbrances ; 3. Ten dollars per acre,

on the sale of *Van Hagen's* farm; and he was to be credit-
ed for the whole amount of the price of his farm as sold
under the agreement; and each party was to be responsible
for the eventual balance of the account.

On the 21st of *December,* 1814, the parties made, and
subscribed the following stipulation, on the back of the ori-
ginal agreement, to wit : " We agree, that the price to be
paid by the within named, *Jacob,* (*Van Rensselaer,*) and to
be received by the within named *John,* (*Van Hagen,*) as the
price of his farm, shall be 40 dollars per acre." The farm
of *Van Hagen,* containing 346 and 3-4 acres was, accord-
ingly, conveyed to *Van Rensselaer.* The commutation for
*Van Rensselear's* claim, at 10 dollars per acre, amounted to
3,467 dollars and 50 cents. The object of this suit is to
recover a balance claimed by the plaintiff, under that spe-
cial agreement. At the trial, a question arose, whether the
plaintiff had a right to claim 40 dollars, per acre, for his
farm, over and above all allowance for the commutation for
the defendant's claim to the land ; or whether 10 dollars
per acre, in favour of the defendant, was to be deducted
from the price of 40 dollars per acre ? The judge express-
ed an opinion in favour of the defendant, upon the legal
construction of the original contract, and the memorandum
endorsed thereon ; but for greater caution, and in order to
present more fully every fact relating to the merits of the
case, which could, in any view, be material, he admitted
parol evidence to explain the intention of the parties, in
regard to the equivocal terms of the endorsement, and he
put it to the jury to find specially, as to that fact.

To this opinion of the judge, and to the admission of such
evidence, the plaintiff's counsel excepted ; and we are now
to revise the proceedings at *nisi prius.*

It cannot, I think, be doubted, that the stipulation en-
dorsed was not an entire contract, in itself, but must be
considered as a modification merely of the original agree-
ment to which it refers. Both together form one con-
tract, in the same sense as if they had been incorporated
in the same instrument. That construction is to prevail
which is consonant to the general intent, as it appears in
the whole context. If the endorsement be construed lite-

rally, *per se*, it would imply an absolute, and unqualified sale of the farm by the plaintiff to the defendant, for which the purchaser was to pay a price in cash, at the rate of 40 dollars per acre. But, in this case, it would be very absurd to suppose, that such was the intention of the parties. The price of the farm was to be carried to the credit of *Van Hagen*, on account. " *Verba generalia restringuntura d aptitudinem rei.*" The parties, in the endorsement, spoke in reference to the terms of the original agreement ; and when they said " *the price to be paid*," and " *to be received*," shall be 40 dollars per acre, I understand them to mean, that instead of waiting till the 1st of *April* ensuing, to ascertain the price of *Van Hagen's* farm, by a sheriff's sale, or by a private sale to a stranger, as contemplated and provided for in the original agreement, the parties chose to fix the price, by mutual consent, at 40 dollars, per acre ; and *Van Hagen*, accordingly, conveyed his farm to *Van Rensselaer* at that price, subject to all the provisions of the original agreement, as to the exchange of farms, and the deduction of 10 dollars, per acre, for the claim of *Van Rensselaer*, leaving the account between them to be settled upon the terms first agreed on. The price of 40 dollars, per acre, " to be paid" by *Van Rensselaer*, and " to be received" by *Van Hagen*, means, that *Van Hagen* was to be *credited* with that sum, as the price of his farm, in the account, as proposed to be stated, in the original agreement.

In the words of a learned author on the law of contracts, (*Powell*) " the matter in hand is always presumed to be in the mind and thoughts of the speaker, though his words seem to admit a larger sense : and therefore the generality of the words used, shall be restrained by the particular occasion." Where *A.* had a judgment against *B.*, and *B.* gave a legacy to *A.* and died ; *A.* on the receipt of the legacy, gave the executor of *B.* a release in these words, " I acknowledge to have received of *C.* five pounds, left me as a legacy by *B.* : and I do release to him all demands which I, against him, as executor of *B.*, can have, for any matter whatsoever ;" it was adjudged that the general words "all demands whatsoever," should be restrained, so as to apply to

UTICA,
October, 1820.

VAN HAGEN
v.
VAN RENSSE-
LAER.

the legacy only, and not to include the judgment. (*Knight v. Cole, Equ. Cas. Abr.* 170.)

Upon a careful examination of the contract and endorsement, I am of opinion, that the judge, at the circuit, ruled correctly, in regard to the legal construction of the whole agreement. In my judgment, there is no such ambiguity in this contract as will justify the admission of parol evidence to explain the intent. The case presents a prolix and difficult question as to the legal sense of the two parts of the written contract; and it is a question of construction, which belongs exclusively to the province of the Court. The finding of the jury, however, upon the question of fact specially submitted to them, is, in this case, immaterial and harmless. Their verdict (for the defendant) must have been the same, if they had been guided solely by the opinion of the judge on the question of law, independent of the parol evidence which was objected to.

I am, therefore, of opinion that the defendant is entitled to judgment, and that is the opinion of the Court.

Judgment for the defendant.