The declaration in this case, sets out a bond dated 20th April, 1829, given by the defendant, Calvin Oampfield, to *388 the plaintiff, Charles Ford, in the penal sum of §450, subject to a certain condition, which after reciting that Calvin Oampfield was in possession of a certain paper mill, for the-rent of which the said Charles was entitled to §225, provides “ that if the said Charles would refrain from distraining the property then on said premises, for the space of ten days, the said Calvin agreed that at the expiration of that time there should be sufficient property on said premises to-pay the said rent with the costs of distraining the same, or that he, the said Calvin, would pay the said rent of §225 ; and if there should not be sufficient goods on said premises to pay the rent aforesaid, then the said obligation only to become void by the payment of the said §225; otherwise, to be in full force and virtue.”
The declaration further states, that after the making of the said bond aud before the expiration of the said ten days mentioned in the condition thereof, to wit on the 28th April, 1829, (for the sake of enlarging the time to which the said Charles should refrain from distraining, and in which the-said Calvin should keep sufficient property on said premises, to pay the rent) it was agreed, in writing, between the said Calvin and the said Charles, by an agreement indorsed on the back of the bond, and subscribed by the said Calvin, that the said obligation should bind the said Calvin to keep * sufficient property on said premises, for the purposes in the condition of the said bond contained, for the space of six days, after the expiration of the said ten days mentioned in the condition of said bond. That afterwards, to wit, on the 5 tli May, 1829, and before the expiration of the said six days (to which the time had been enlarged as aforesaid) another agreement in writing (for the purpose of still further *328] enlarging said time) was entered *into between the said Charles and the said Calvin, subscribed by the said Calvin and endorsed on the back of the said bond; by which agreement, the said Charles was to refrain from dis-training the property on said premises, and the said Calvin *389 should keep sufficient property on said premises for the purposes mentioned in the condition of said bond, for the space of ten days after the expiration of the above mentioned six days. And protesting that the said Charles hath always done and performed, &c., that he refrained from distraining said property on said premises for the space of ten days from the date of the said writing obligatory according to the condition thereof; that he did refrain for the space of six days after the expiration of the said ten days mentioned in said condition of said bond; and that he did refrain for the space of ten days after the expiration of the said six days last mentioned; yet the said Charles avers that at the expiration of the said last mentioned ten days, there was not sufficient property on said premises to pay said rent with costs of distraining, and that the said Calvin, before the expiration of the said ten days, removed the property off said premises; nor did he at the expiration of the said last mentioned ten days pay the said Charles, the said rent of 8225 or any part thereof. Also avers the goods not to have been kept on the premises for the space of ten days .after the expiration of the six days mentioned in the first agreement in writing, endorsed on said bond; nor hath the said Calvin paid the said rent, &c. The plaintiff also avers, that after the making of the said writing obligatory, and at the expiration of the said last mentioned ten days, limited for the said Calvin to keep sufficient property on said premises to pay the said rent with the costs of distraining the same, to wit, on the 16th May, 1829, he, the said Charles, went upon the said premises to distrain, &c., but that there was no property, nor did the said Calvin pay the said rent of $225, &c., and concludes to the damage of the said Charles, of 300 dollars.
To this declaration the defendant demurs generally, and assigns as reasons for the demurrer,
1. That no action will lie upon the penalty of a bond for the non-performance of an agreement entered into by the parties subsequent to the date and execution of the bond.
*390 2. Because the plaintiff seeks a recovery upon a bond *329] supposed *to be given by defendant, and assigns as a-breach against the defendant, the not performing a supposed agreement made after the execution of the bond, and after the time limited in the condition thereof, when the defendant should have sufficient property on the said premises to-pay the said rent with the costs of distraining the same.
3. Because, the action, if any the plaintiff has, should have been upon the said supposed agreement or agreements-endorsed upon the said bond and not upon the penalty of the bond.
The defendant having joined in the demurrer, the validity of the declaration is submitted on the reasons specified above.
The first two reasons assigned as cause of demurrer by the defendant depend entirely upon these considerations.
1. Whether the subsequent agreement, or rather agreements, to extend the time endorsed upon the bond (and entered into by the parties, before the day limited in the bond for performance was passed) must be taken as part of the bond, or as distinct substantive agreements ?
2. Whether, if they are parts of the bond, they should not be declared upon as the plaintiff has done ?
That they are not distinct agreements is evident from this; that they only enlarge the time of performing the condition contained in the bond; and that by themselves, and without reference to the bond, they are insensible, and do-not contain the terms of any agreement whatever between the parties; it is only by being considered in connection with the bond that their object and meaning becomes evident.
An agreement extending the time of performance in a sealed agreement does not revoke it. Fleming v. Gilbert,. 3 Johnson's Rep. 528; Keating v. Price, 1 John. Cases in Error 22; Thresh v. Rake, 1 Espinasse’s Rep. 53; Cuff v. Penn., 1 Maule and Selwyn’s Rep. 21; 1 Phillips’ Evidence 438, 444 note a. Same rule laid down by Kent, Chief Justice, in Thompson v. Ketchum, 8 John. Rep. 149; Fleming *391 v. Gilbert; 1 Henning & Munford’s Rep. 429. See too Van Hagen v. Van Rensselear, 18 John. Rep. 420. The old cases are the other way ; they are collected in Fowell v. Forrest, 2 Saund. Rep. 48, note 1. If the rule contained in these cases is correct, viz: that “ an agreement extending the time of performance in a sealed agreement does not revoke it,” then the bond was still in force *at the [*330 time of the breach, and it was proper for the plaintiff to declare upon it as he has done.
If the endorsements are not substantive, independent agreements, and do not revoke the bond, then the plaintiff should set out these agreements to extend the time, in his declaration upon the bond (as ho has done) for “ matter which qualifies the contract must be stated in the declaration on the bond.” 1 Chitty’s Pleadings, 260; [301] Howell v. Richards, 11 East Rep. 633; Whaley v. Pajot, 2 Bosanquet & Puller Rep. 51; Tempest v. Rawling, 13 East Rep. 18; Hotham and others v. The East India Company, 1 Douglas’ Rep. 272.
The third reason for the demurrer is fully answered in the cases above cited. The plaintiff could not set out the contract truly without setting out both the bond and the agreements for extension of time endorsed upon it; the}'' forming, in fact, but one contract. And if the bond wr.s not revoked by the agreement, then it must be declared on as a sealed instrument; the indorsements being only matter in qualification of the principal contract. It would be a very strange course to declare in assumpsit upon the agreement to enlarge the time only, which is matter in qualification alone, while the sealed instrument containing all the terms of the principal agreement between the parties, is still out standing uurepealed. It seems to follow of course that either the agreement to enlarge the time, repeals and annuls the sealed instrument; or that if it does not, that the sealed instrument must be declared on as such, stating the matter in qualification as it arose. And this is the natural order in which the transactions took place.
*392 Ira Whitehead, for defendant and in support of the demurrer.
This action is prosecuted on the penalty of a bond. There has been no breach of the condition.
The breach assigned is the non-performance of a parol agreement subsequently entered into by the defendant.
All contracts are distinguished into agreeménts by specialty, and agreements by parol, 1 Comyn on Contracts, page 1. These agreements endorsed on the bond, not being under the seal of the party, must be considered merely parol *331] agreements. They are *distinct from the bond, and if the defendant has failed to perform them, an action of assumpsit will lie against him.
The present action should have been brought on the agreements and not on the penalty. Brown v. Goodman, 3d Term Reports, 592, in note; Freeman v. Adams, 9th John. Rep. 115, and the cases there cited.
The cases referred to in the plaintiff’s brief do not support the doctrine that an action can be maintained on the penalty of a bond in a case similar to the present. The most of them were decided before the case in 9th Johnson, above referred to, and were adverted to by the court in that case, and a distinction taken between the principles decided in those cases, and a suit to enforce a bond in consequence of the breach of an agreement made subsequent to the execution of the bond and in relation to the subject matter of the condition.
Ewing, C. J. On the 20 th of April, 1829, Campfield executed a. bo'nd to Ford in the penal sum of $450, with condition that if Ford would refrain from distraining the property then on certain premises, for the space of ten days, there should, at the expiration of that time, be sufficient property on the premises to pay the rent, $225, with the costs of dis-training; or that he, Campfield, would pay the rent; and if there should not be sufficient goods on the premises, the *393 obligation should become void only by the payment of the said 225 dollars. On the 28th of April, 1829, an agreement was made between the parties and endorsed upon the bond and signed by Campbell in these words, “ I do hereby agree that this obligation shall bind me to keep sufficient property on said premises for the purposes within mentioned for the space of six days after the above mentioned ten days.” On the 5th of May following, a similar endorsement for further ton days was made.
This action is in debt. The declaration is upon the bond. The condition is set out in the usual manner. It then states that after the making of the bond, and before the expiration of the ten days, to wit, &c., “ for the sake of enlarging the time to which the said Charles should refrain from distraining and in which the said Calvin should keep sufficient property on said premises to pay the said rent, it was agreed in writing between them by an ^agreement in [*332 writing endorsed on the said bond, that the said obligation should bind the said Calvin to keep sufficient property on the said premises, for the purposes in the condition of the said bond contained, for the space of six days after the expiration of the said ten days, mentioned in the condition of the said bond.” A like statement is made of the second agreement for the extension of time; and then breaches are assigned.
To this declaration, the defendant filed a special demurrer.
I am fully satisfied, both from principle and precedent, that the plaintiff has misconceived his action and mistaken his remedy. Upon the bond and for the penalty, the action cannot be maintained.
After the original agreement which was by deed, a subsequent agreement by parol was made by the parties ; I say, by parol, as in the classification of contracts, an agreement in writing, not under seal, is denominated a parol contract. The second agreement did not change and abandon the terms of the first. With one exception, that of time, they *394 remained the same. Yet a new agreement was actually made; and the effect was according to Evans v. Thompson, 5 East. 119, and Creig v. Talbot, 2 Barn.Cressw. 179, virtually to incorporate in it, by reference, all the stipulations between the parties contained in the condition of the bond, as if they had been formally set forth and repeated. But this endorsement being by parol and. not under seal, cannot, according to the latter case, stand or operate as a defeasance to the bond, nor be substituted in lieu of the original condition. Hence the plaintiff cannot have a remedy upon the bond, but must resort to an action founded upon the new or subsequent agreement. The case of Brown, v. Goodman, 3 T. R. 592, was an action of debt on a common arbitration bond, in which the time was limited for making the award. The declaration stated that the time was afterwards, by the consent of both parties, enlarged; and then assigned a breach. The court oiij demurrer said the question was not then to be discussed whether the party had not some remedv : but held that it was not on the bond.
In Creig v. Talbot, above mentioned, debt was brought on a bond conditioned for the performance of an award. The declaration, after setting out the condition, stated that before the time expired, the parties, to the bond agreed by deed to give the arbitrators further time for making *333] *the award; and that an award was made within the extended time ; and alleged’ non-performance. Upon demurrer, the court held that the legal effect of the second deed was to continue the bond in force, subject to a defeasance for the performance of an award within the extended time, and consequently that the action was maintainable. They recognized the correctness of Brown v. Goodman, which had been cited; but said “ This case is distinguishable from; Brown v. Goodman, because there the submission was by deed, and it did not appear that the consent to enlarge the term was by deed ; and if not, it could not continue the effect of the preceding deed, and consequently would not suffice to *395 give a remedy upon the bond, although it might leave the party a remedy for the breach of the parol contract.” In Freeman v. Adams, 9 John. 115, the agreement for the enlargement of the time for making the award endorsed on the arbitration bond was under the hands and seals of both parties; but the Supreme Court of Hew York decided that an action would not lie on the bond. In Langworthy v. Smith, 2 Wend. 587, there was a demurrer to certain counts of the declaration in an action of covenant founded on a contract under seal, in which the plaintiff covenanted to do certain work by a fixed time, and the defendant to pay; and an enlargement of time by consent for the completion of the work was averred. The court hold that a parol enlargement of the time -was good; but that the plaintiff had thereby lost his remedy upon the covenant itself, and must seek it upon the agreement enlarging the time of performance.
In the books referred to by the plaintiff’s counsel, I do not find any doctrine inconsistent with the conclusion flowing from the cases just cited. In Fleming v. Gilbert, 3 John. 528, and Keating v. Price, 1 John, cases, 22, the former of which was on a bond, the latter on an agreement in writing, to do certain acts by a fixed time, the question arose on the defence set up by the defendant, of enlargement of the time by oral agreement; which the court held might legally be done, and the defendant be thereby saved from a strict performance and from an action on the original instrument. In Thresh v. Poke, 1 Fsp. 53, which was an action on the case, both the original and subsequent agreements were of the same grade, though the one was in waiting and the other oral. It may be remarked that this decision was at Nisi prius; and the ^position, which is, however, unim- [*334 portant in our present pursuit, would be very difficult to maintain though said to have been ruled by Lord Kenyon, that “ on a declaration on the original contract, performance in the enlarged time is good evidence and will support the declaration.” In Cuff v. Penn. 1 M. S. 51, the original *396 agreement was in writing by a letter accepting certain proposals, and there was a subsequent oral agreement, which was also set forth in the declaration. The question was whether the former, could be varied by the latter agreement, which the court held might in that instance be done without the violation of any rule of evidence. Thompson v. Ketchem, 8 John. 149, shews that a subsequent oral agreement may extend the time of performance of a written contract. Van Hagenen v. Van Rensellaer, 10 John. 420, although not under like circumstances rests upon the same general principle and proves nothing more, so far as respects the subject now under examination. In Crigan v. Nicholson, 1 Hen. & Munf. 429, it was held that a court of equity, at the instance of one of the parties, may set aside a contract under seal as having been vacated and abandoned, the other party at whose request and for whose benefit it was made, diaving for years neglected to carry it into effect and shewn by various acts that he deemed it no longer in force.
We are not in this place called to defend the policy of the rule which stops a plaintiff, who though he may shew a j ust and rightful claim, has misconceived his action and mistaken liis remedy, and compels him to institute a new suit. If we were, I believe the wisdom of the common law, in this particular, might be very satisfactorily and successfully maintained.
The other justices concurred.
Let there be judgment for the defendant.