FREDERICK BUTTERFIELD *v.* WM. E. OGBORN, ET AL.

1. The laws of Ohio must, in the absence of any express provision, be supposed to apply only to persons and things in Ohio. The legislature, in authorizing proceedings to subject equitable interests in real estate, did not intend to give a remedy where the real estate is situated beyond the limits of the State.
2. A creditor can not be aided, either in law or equity, in enforcing a claim on real property situate out of the jurisdiction.

SPECIAL TERM.—Plaintiff alleges that at the January term, A. D. 1857, of this court, he recovered a judgment against Ogborn for the sum of $1,200.87; that the defendant, Ogborn, has no property subject to an execution at law, but that he has an equitable title to certain real estate in Missouri and Illinois to which Thomas Davis and other parties defendant hold the legal title; and plaintiff prays that a receiver may be appointed, and that the lands may be subjected to the payment of the judgment.

*Mills & Hoadly,* for plaintiff.

*Thos. J. Gallagher* and *Talbot Jones,* for defendants.

GHOLSON, J. At a former term, this case was decided upon the ground that a creditor in Ohio could not attach nor file a petition to subject an equitable interest in real estate, situated beyond the limits of the State. This decision was made on the ground that the statute, though using general language, must be understood as being limited to the sphere of its enactment. The counsel for the plaintiff asked to be again heard in the case upon this question. That hearing has been had, and I have again considered the question.

It is claimed by counsel that the act must have an effect to give a remedy equivalent to what might have obtained on the general principles of equity jurisdiction—that the statute is really only declaratory. To a certain extent, I think the statute is declaratory. When a creditor has a

claim to be satisfied out of a legal estate, the courts of equity might, on general principles, aid him in obtaining satisfaction out of an equitable estate. But I do not suppose, and I am confident no authority can be found to sustain, the idea that a creditor, as such, can be aided, either in law or equity, in enforcing a claim on real property out of the jurisdiction. By reference to the authorities, it will clearly appear no such jurisdiction is admitted in courts of equity: 3 Myl. & Cr. 416, 417, *Neate* v. *Duke of Marlborough.* It will be seen that the principles of the jurisdiction is that the court lends its aid to enforce a legal right. If there be, or could be, no legal right, then there is no ground for interference in equity.

The question is really one of construction. Did the legislature, in authorizing proceedings to subject equitable interests in real estate, intend to give a remedy when the real estate was situated beyond the limits of the State? It is claimed that, because a party in whom is vested the legal title to lands in another State, is found in Ohio, and can be served with process, he can be compelled to convey to a receiver, so as to satisfy a judgment against the party entitled to the equitable estate in the land. The well-established rules of construction forbid, in my opinion, a construction of the statute which would admit of the exercise of any such jurisdiction.

General words, in statutes, must be restrained to the fitness of the matter in view of the legislature. It would be highly inconvenient to attempt to dispose of property located in a foreign jurisdiction, and, in most cases, the effect would be nugatory. The laws of Ohio must, in the absence of any express provision, be supposed to apply only to persons and things in Ohio. We had occasion to apply this principle in the case of *Campbell* v. *The Owners of the "Queen City."* The same principle will be found in many decided cases. 2 My. & Cr. 256, 270, *Arnold* v. *Arnold;* 12 Cl. & Fin. 17; 5 Wheaton Ap. 12; 18 Johns. 423; 8 Grattan, 389.

The principle, which has been applied in cases of specific

performance, does not reach such a case as the present. That depends on a contract or equity subsisting between the parties. The proceeding, in such cases, is *in personam*, and the right is created by the act of the parties : 8 Grattan, 411, *Dickinson* v. *Hoome's Adm'r, et al.;* 2 White & Tudor, Lead. Eq. cases, part 2, note 319, *Penn* v. *Lord Baltimore.*

Action dismissed.