By the Court—Hoffmam, J.
There are two aspects in which the case may be considered.
The contract between the plaintiff’s assignor, McDonald, and the defendants, is to be treated, First, as contained in the ordinance of the 10th day of June, 1851; the notice and specification of the Street Commissioner of the 14th day of August, 1852; the proposal of McDonald of the 27th day of August, with its affirmation and acceptance, and the agreement of the 31st day of October, 1852; or, Second, (as the Referee has concluded,) as contained in all of these documents except the last.
In examining the case on the first hypothesis, we find that McDonald, in Ms proposal and estimate, refers to the specification of the 14th day of August, as forming part of his own estimate. The agreement of October declares, “ that he agrees to furnish all the labor and materials to regulate and grade Seventieth street, from Tenth avenue to Hudson river, according to the specifications If such specification was the notice of August, that explicitly declared “ that the rock was to be excavated one foot below the finishing grade and deposited on the street and in the river, in continuation of the street, as the Surveyor directs, and to be paid for only as excavation.” That notice containing this clause was plainly the specification adopted and referred to in McDonald’s estimate and offer; and we think it was also the specification referred to and adopted in the agreement of October.
It is found “that considerable quantities of earth and rock were deposited in the river outside of higMwater mark, as directed by the Surveyor; but the larger portion thereof was not so deposited, and that the contractor refused so to do, and converted the same to Ms own use.
By the term “contractor” is no doubt meant Philip J. Bone-steel, to whom the contract had been assigned by McDonald, and by whom all the work was done.
In this view, the specification containing the clause in question has been made as fully part of the contract, as if it had been set forth at length and adopted in it. Theinstrumen ts are so connected together by a sufficient reference, as to make them all constitute the contract between the parties. Hills v. Miller, (3 Paige, 254,) and the cases there cited, declare the rule when there are several cotemporaneous instruments in relation to the same subject-matter. *564 Van Hagen v. Van Rensselaer, (18 John., 420,) Adams v. Hill, (16 Maine, 215,) Rogers v. Kneeland, (10 Wend., 219,) are examples of its application to instruments executed at different times, but connected by the subject and a reference.
It appears to me clear that Philip J. Bonesteel, the assignee of McDonald, and who actually performed the work, must stand as to every obligation, duty and right, precisely as McDonald would have stood; that he is chargeable with knowledge of every thing between the original parties, affecting their legal relations; and certainly, that he could not become assignee of a contract referring to a specification as regulating its execution, without being as much bound by it as if he had been personally privy to it. The fact found that he did not see the notice to contractors, or other papers, is wholly immaterial. It was impossible that he could, without some new action, acquire any better right or claim, or be in any different legal position than his assignor.
Besides, it is found that the direction of the Surveyor was, that the work was to be done according to the specifications in the notice, and that the rock was to be deposited in the river in continuation of the street. This the contractor refused to do, and converted the large portion of the rock to his own use.
Second. We concur also in the view taken by the Referee, so far as to hold, that if the clause in question is no part of the actual contract between the parties, then the agreement between the Street Commissioner and McDonald was inoperative, because unauthorized. The contract which the defendants had before them and confirmed, was a contract embracing the provision. The Street Commissioner was powerless to bind the defendants to any contract of which that provision was not, in some form, an integral portion. It was that which they had confirmed under the 494th section of the ordinances given in evidence, and no other.
The breach of the contract, and the breach in a matter which must be assumed to have been material, is apparent and flagrant. The plaintiff cannot sustain a claim upon the contract with any shadow of pretense.
It is then insisted, that he shall be entitled to recover for the value of the work he has actually performed.
' It is obvious that the adoption of such a principle will sanction the violation of every stipulation or covenant, however impor *565 tant to one contracting party, at the risk merely of the violator losing some profit derivable from its entire completion, but with the certainty of being fully reimbursed for whatever he performs, and possibly with the result of profiting by his own neglect. In short, it breaks down a contract which was indivisible and entire, and demanded compliance in every material particular, into a contract fashioned and performed according to the will or the interest of one party to it.
The case of Brady v. The Mayor, &c., of New York, (2 Bosw. R., 173; Court of Appeals, 20 N. Y. R., 312,) settled that a contract made in violation of the provisions of the 12th section of the charter of 1853, was void. ■ The Court of Appeals say: “ It was not necessary to deny that one who has bona fide performed work under a contract which is void, from a failure to comply with the statutes, may maintain an action against the city to recover a quantum meruit, where the work has been accepted by the city, and has gone into use for public purposes.” There was no acceptance or ratification, and the decision of the Superior Court was not interfered with on this point. The Court of Appeals has in no way intimated that a recovery as for a quantum meruit can be had by one who willfully violates a material portion of the contract he has entered into.
The learned counsel asks us to review the rule stated in that case, or not to apply it to the one before us, upon the strength of several authorities which he cites.
Clark v. The Guardians of Cuckfield Union, (11 Eng. L. & Eq. R., 442,) was the case of work done on behalf of a corporation, necessary for its purposes, faithfully done, and accepted and profited by; the whole consideration for the payment was executed. The corporation could not defend, on the ground that the contract was not under seal.
Bulkley v. Derby Fishing Company, (2 Conn. R., 252,) was the case of an insurance company, pursuing a course of contracting through agents, for some length of time; profiting by it—never disavowing it—and which, if not prescribed, was not prohibited by, or at variance with, the charter.
Reuter v. The Electric Telegraph Company, (6 Ellis & Black. R., 341,) is also found in 37 English Law and Equity Reports, 189. There was a parol agreement between the plaintiff and the chair *566 man of the Company, to do certain work for it. By the charter, the contracts of the company for labor, &c., when under £50, might be entered into by any officer empowered by the Directors. Other contracts were to be entered into and signed by three Directors, or to be sealed. It was held, that the objection of the want of a seal was invalid. Next, that even supposing that the consideration which passed exceeded £50, and the contract by the chairman was originally ultra vires, yet it had been acknowledged and ratified by the Company, so as to render it binding upon them. “ The deed of settlement declares, that the Directors shall manage the affairs of the Company, and shall exercise all powers which may be exercised by the Company at large. The facts set out in the case afforded abundant evidence that the Directors were made acquainted with the new contract, approved of it, and acted upon it.”
In Bigelow v. The City of Perth Amboy, (1 Dutch. [N. J.] R., 297,) it was expressly ruled that the city had the corporate power to make the purchase in question, and incur the debt. The creditor had nothing to do with the use of the materials afterwards.
In Sanders v. The Guardians of St. Noet’s Union, (8 Adolph. & Ellis R., N. S.; 55 Eng. Com. L. R., p. 810,) work was done for purposes connected with the objects of the corporation. It was accepted and adopted. The objection that the contract could only have been made under seal was untenable.
Doe v. Tanniere (64 Eng. Com. L. R., 998,) rests upon a similar principle.
Such authorities are widely different from the case before us, of an intentional violation of a material part of an indivisible contract, without any act of ratification in any legally known manner —indeed, without proof of the body having profited by the work.
It seems scarcely necessaiy to advert to the numerous and decided cases in our State, in which, when the performance of a contract is one entire thing, and the contract has been broken, no ground of action exists for the value of that part which may have been performed. (Mead v. Degolyer, 16 Wend., 632; Paige v. Ott, 5 Denio, 406, and cases of a similar character.)
We think the judgment should be affirmed.
Judgment affirmed,-with costs.