ALBANY,
August, 1816.

PENFIELD
v.
CARPENDER.

PENFIELD *against* CARPENDER.

Improper evidence should not be admitted to go to the jury, and it is not sufficient, afterwards, to direct them to disregard it.

In a judgment for the defendant, in a justice's court, it is improper to include costs which accrued on the part of the plaintiff.

IN ERROR, on *certiorari* to a justice's court.

The action, in the court below, was to recover damages for sheep, belonging to the plaintiff, killed by the defendant's dog. At the trial, a witness was called, on behalf of the defendant, to prove a conversation between him and the defendant, in which the latter had denied that he was the owner of the dog; the testimony was objected to, but the justice decided that the witness might go through with his testimony, and that he would then inform the jury what part was admissible, and what not. And the justice informed the jury that the testimony was inadmissible, and that they ought not to take any notice of it as testimony. Another witness was, in the same manner, permitted to swear as to hearsay respecting the ownership of the dog; and the justice then told the jury, as before, that what the witness had sworn was not evidence. A verdict was found for the defendant; and the justice included in the defendant's judgment all the costs which had accrued on the part of the plaintiff, viz. summons, constable's fees, swearing plaintiff's witnesses, &c.

*Per Curiam.* The admission of such testimony was illegal and dangerous, and no subsequent caution or advice by the justice, that the jury ought to disregard what the witnesses had sworn, can cure the irregularity. The law forbids such testimony, because it *may have* an influence upon honest jurors, who are unconscious of the impressions which they retain, notwithstanding the effort of the court to obliterate them.

The taxation of costs was also illegal.

Judgment reversed.