Parker, C. J.
The only question which this case presents is, whether Mr. Coffin is exonerated from his express promise in writing to deliver the ship, which was the subject of the contract
to Webster, the plaintiff; * no demand having been made on him therefor, until more than thirty days had expired after the judgment, to secure which the attachment was made. °
It may be observed that, a demand having been made before the present suit was commenced, the defendant is liable, according to the terms of his contract, and can only be exonerated by showing that the plaintiff himself is not liable to the attaching creditors, and so has lost his right to enforce the contract with Coffin. But the facts agreed show clearly that the plaintiff is liable to the judgment creditors. Indeed, the investigation made by the Court in the case formerly decided between the judgment creditors and Bridge, the sheriff, as well as in the case of the sheriff against Wyman and his sureties, in which judgment has now been rendered, leave no doubt of the liability of Webster to the sheriff. It is enough to make him liable, that the ship was once attached by him, and that she was not in his possession, or within the commonwealth, when the execution was about to be levied; the execution having been sued out, and a demand having been made upon Webster by Wyman, who had possession of the execution, within thirty days.
To what purpose would it have been for Webster to have made a demand upon the defendant, when the ship was actually at sea before judgment was rendered, and this by permission of Coffin, who had the opportunity of seeing the owners of the ship preparing her for sea, and must be presumed to have consented that one of them should depart with her? Had he kept the control of her until the lien of the creditor had ceased, and then had surrendered her, he would have been acquitted, as would Webster also. But *173 Webster made himself responsible to the creditors absolutely while the legal lien continued, and Coffin’s responsibility to him was of equal duration. Having parted with the vessel, or perhaps never having had actual possession of her, a demand of Webster upon him would have been nugatory.
The case of Knap vs. Sprague, which was cited by * the defendant’s counsel, in which the receipter of property attached was held not responsible to a constable, is altogether different in its merits from this. There the constable was not liable on account of the first attachment, because execution was not sued out within thirty days from the judgment, and the second attachment was void; so that he had no legal or equitable claim to the property.
If Mr. Coffin is not indemnified, we may lament his imprudence; but the law must have its course.

Defendant defaulted.