Parker, C. J.
The contract set forth in the declaration is substantially, that in consideration of the value of a sloop sold by the plaintiff to the defendant, estimated at 200 dollars, the defendant would, upon payment of 100 dollars by the plaintiff, which was due *141 to the defendant from one Field, and to secure which he had taken a deed of Field’s estate, convey said estate to the plaintiff; and the breach of the contract alleged is, that the defendant had disabled himself from performing the contract, by conveying the same estate to another person.
The declaration is demurred to, and the objection to it is, that the plaintiff had neither paid, nor offered to pay, * the [ * 165 ' debt of Field to the defendant; and therefore has no title to the action.
No time is fixed in the contract, within which the money was to be paid, or the estate conveyed to the plaintiff. The plaintiff then had a reasonable time, by virtue of the contract, to perform his part of it; and the defendant might have hastened him, by tendering the deed, and demanding the money which the plaintiff had assumed to pay (5).
It is implied in the contract, on the part of the defendant, that he would do nothing by which he should become unable to perform it; and by making a deed to another person, he has disabled himself, and so virtually broken his contract. It being impossible for him, after having thus done, to account for the 200 dollars in the land, as he undertook, there is a breach of his contract, for which proper damages may be recovered. The law will not, in such circumstances, require a payment or tender by the plaintiff; for this would be to hazard an additional loss, without any possible advantage.
This opinion is supported by several decided cases, which are collected by Mr. Metcalf, in a note to the case of Raynay vs. Alexander, in his valuable edition of Yelverton’s Reports, page 76. The case in the text is—The plaintiff declared upon a promise to deliver, on a particular day, fifteen out of seventeen tads of wool, to be chosen by the plaintiff, upon payment of £6, and averred that he was ready to pay the £6 on the day ; yet the defendant had not delivered the wool. Verdict for plaintiff—and judgment arrested, because not averred that the plaintiff had chosen the fifteen tads out of the seventeen ; which was a condition precedent. But Popham, C. J., said, if the defendant had sold one of the tads of wool before the election made by the plaintiff, that had destroyed the election and made the promise absolute, and had been a breach of it. The same law, if the defendant would not have permitted the plaintiff to see the wool, that he might make election ; for that had excused the act to be done by the plaintiff, and had been a default by the defendant.
*The law is well summed up by Mr. Metcalf in his [ * 166 ] note: “ When the consideration of the contract is exec *142 utory, or its performance depends upon some act to be done or forborne by the plaintiff, or on some other event, the plaintiff must aver performance of such precedent condition, or show some excuse for the non-performance.”
The declaration, in the case at bar, shows that the defendant had conveyed to a stranger the land, which he promised to convey to the plaintiff. This excuses the plaintiff from tendering the money, and entitles him to damages from the breach of the contract (6).

Declaration adjudged good

 [Eames vs. Savage, 14 Mass. 425.—Ed.]

 [Webster vs. Coffin, 14 Mass. 196. —Clark vs. Moody & Al. 17 Mass. 149 Cooper vs. Mowry & Al. ante, 5. —Ed.]