### ISAAC DONHAM *versus* OTIS WILD.

If an officer, having attached goods on mesne process, delivers them for safe keeping to a bailee appointed by him on the nomination of the plaintiff, he is not responsible for the fidelity of the bailee.

ACTION on the case against a constable, for neglecting to levy an execution in favor of Donham against one Pray, upon goods attached on the original writ against Pray.

At the trial it appeared, that immediately after the attachment, Wild and Donham were talking about getting a keeper, when Wild requested Donham to take charge of the property. This he declined doing. Wild then requested him to name some person whom he would be willing to trust with the property ; whereupon Donham named one Simeon Cushing. The goods were then committed by Wild into the charge of Cushing, who gave Wild a writing as follows : " According to Isaac Donham's order, I, Otis Wild, do hereby appoint Simeon Cushing to take charge of eighty-eight pair of boots, which the said Cushing promises to deliver to said Donham the creditor, or the officer, who have attached said boots, at their demand. (Signed,) Simeon Cushing." This was read in Donham's hearing.

The defendant introduced evidence that Cushing was poor and unable to pay any thing.

Donham<br>*v.*<br>Wild.

The plaintiff objected to this evidence as irrelevant, but it was admitted.

The defendant also introduced evidence, that Pray, in a few days after the goods were committed to Cushing's charge, sold them by auction and applied the proceeds to the payment of another creditor.

Upon these and other facts in the case, or such of them as were admissible in evidence, a nonsuit or a default was to be entered, as the Court should direct.

*Metcalf* and *Gourgas*, for the plaintiff. The law imposes on an attaching officer the duty of keeping the property safely. The facts before the Court do not show that the plaintiff took upon himself the risk of the keeper's responsibility. Cushing was not a receiptor in the sense in which that word is used in our law, but a keeper ; and consequently the possession was not changed, and the officer might have pursued the goods, and recovered them wherever found.

*Oct.* 31st.

*Cushing* and *Kingsbury*, *contrà*, to show that the defendant was not responsible for the keeper's good conduct, cited *Phillips* v. *Bridge*, 11 Mass. R. 247 ; *Train* v. *Gold*, 5 Pick. 380 ; *De Moranda* v. *Dunkin*, 4 T. R. 119 ; *Hamilton* v. *Dalziel*, 2. W. Bl. 952.

MORTON J. The officer who attaches personal property, is bound to keep it in safety, so that it may be had to satisfy the execution which may follow the attachment. This duty he may perform himself, or by the agency of others. If he appoint an unfaithful, or intrust it with an irresponsible bailee, so that it is lost through the negligence or infidelity of the keeper, or the insufficiency of the receiptor, he will be responsible for the value of the property. The defendant's conduct in the present case, unexplained, clearly renders him liable ; and the only question is, whether he is exonerated by the acts of the plaintiff.

*Nov.* 5th.

It does not seem to us, to be material, whether Cushing is to be deemed *keeper* or *receiptor*. The goods were placed in his possession ; they are not forthcoming, and cannot be found ; and he is wholly unable to make compensation for their loss.

Donham
*v.*
Wild.

If the defendant is responsible for his conduct, he is, in either case, clearly liable. The defendant, however, is guilty of no neglect, in omitting to make a demand upon him for the goods. A demand would have been perfectly useless and nugatory. And no officer is to be prejudiced for neglecting to do that, which could be of no possible benefit to any one. *Webster* v. *Coffin*, 14 Mass. R. 196 ; *Cooper* v. *Mowry*, 16 Mass. R. 8.

An officer, in the service of writs, though bound to follow and not violate the rules of law, yet in many respects, acts under the direction of the plaintiffs. They may direct him what goods to attach and he will be safe in following their orders in relation to the manner of keeping them. The plaintiff need not give any advice or directions ; in which case the officer will be bound to follow the rules of law and will be responsible for any deviation from them. But if the plaintiff does interfere, it would be a violation of the first principles of justice, to authorize him to recover against the officer for any loss which might result from following his advice or directions.

The officer might select the plaintiff himself for keeper or receiptor, and if he consented to act in either capacity, and the attachment was lost by his negligence or misconduct, nothing can be more clear than that the officer would be relieved from his liability. So if the officer accepts a receiptor or appoints a keeper at the request, by the advice or with the consent of the plaintiff, he, and not the officer, is responsible for the sufficiency of the one, and the fidelity of the other.

These principles are so obviously just and sound, that direct adjudications in support of them can hardly be expected to be found. The most analogous cases which we have seen, are those of *Hamilton* v. *Dalziel*, 2 W. Bl. 952, and *De Moranda* v. *Dunkin*, 4 T..R. 119 ; in which it was holden, that if the sheriff appoint special bailiffs at the request or on the nomination of the plaintiff, he is not responsible for their fidelity and good conduct.

In the case at bar, the defendant, having, by the plaintiff's agreement, placed the property in the hands of a person, who has suffered it to be removed and lost, is not liable to an action for neglecting to levy the execution upon it.

*Plaintiff nonsuit.*