Clark v. Crandall.

---

SAME TERM. *Before the same Justices.*

## CLARK vs. CRANDALL.

A demand of goods contracted to be sold, is not required, when it would be useless to make one; as when the vendor has disabled himself from complying with the contract; or where a waiver of demand may be inferred from his declarations and conduct.

Where the delivery of property purchased, and the payment of the price, are, by the contract, to be concurrent acts, and the vendor has disabled himself from performing the contract, it is not necessary that the purchaser should offer to pay for the property, before bringing his suit against the vendor.

When improper evidence has been admitted, and which is essentially material, the safe rule is to grant a new trial; there being no certainty or safety in reasoning upon the effect such evidence may have had. *Per* MOREHOUSE, J.

This rule applies to a hearing before a referee, as as well as to a trial before a jury.

Clark *v.* Crandall.

MOTION by the defendant to set aside a report of referees in favor of the plaintiff. The action was assumpsit upon a contract in the following words: "18 Aug., 1845. Truman Clark this day agreed with Hampton Crandall for his butter and cheese to be sent him at Boston next fall, on these conditions, said Clark agrees to pay him five dollars per hundred for the cheese, boxed and delivered in Utica, and twelve and a half for the butter, and when sold the net profits are to be equally divided if above those prices after paying all charges." The declaration contained four elaborate counts variant in some particulars, to embrace unwritten modifications of the agreement. The proceedings on the hearing to which exceptions were taken, will appear sufficiently in the opinion of the court upon the points made in the case.

*George W. Gray*, for the plaintiff.

*Henry Bennett*, for the defendant.

*By the Court*, MOREHOUSE, J. The agreement between the parties was made at Hosea B. Clark's, and was by him reduced to writing, and signed by them, and left there for their mutual benefit. From the evidence of H. B. Clark, it appears the original understanding was that the cheese was to be delivered in casks instead of boxes; that Clark was to draw on a house in Boston for funds to pay for the butter and cheese as delivered, and the defendant to call on him from time to time for such pay; that a few moments after the contract was signed, the defendant asked why he could not draw for the money himself, through the Oneida Bank, as he delivered the property at Utica; to which the plaintiff replied he could, and that his drafts would be accepted. It does not appear that the parties met afterwards, and their contract was begun, continued and ended at a single interview. The object of a written memorial of an executory contract is to avoid misunderstanding when its stipulations are to be finally executed. The law presumes that the writing contains the whole agreement. All contemporary or

Clark *v.* Crandall.

prior parol, stipulations, are regarded as merged in it, and parol evidence of an inferior grade is not received to alter, add to, diminish, vary or contradict a written agreement.   It must be apparent to the most superficial mind that if the rule was otherwise the reason for committing an agreement to writing would utterly fail. The written executory contract in its terms becomes merged in one importing its execution.   It would be pedantic to cite authorities for a rule so familiar and elementary.   Where it appears from the writing itself that parts of the agreement of the parties were not intended to be included in it, evidence out of it has been admitted to supply the deficiency, and in equity the power to correct mistakes and relieve against fraud necessarily implies the right to admit parol evidence to vary or add to the terms of a written instrument.   The contract in this case imports upon the face of it a complete expression of what the parties agreed upon, and there is no ambiguity in its construction. The butter and cheese was to be delivered at Utica in the fall, and the plaintiff was to pay a stipulated price for each, upon delivery at that place.   These were to be concurrent acts in judgment of law.   There is no dispute as to the place designated in Utica for the delivery and payment.   A letter was produced on the hearing, purporting to have been written by the defendant to the plaintiff, and sent to him by mail, dated the 8th of September, 1845, in which the defendant complains of not having received a letter from the plaintiff, and informs him that a Mr. Hoppeck, of New-York, had offered him six dollars per hundred for his cheese, which he declined on the plaintiff's account, and that another favorable opportunity had presented, and he had sold.   Allowing this letter to be genuine—a question controverted before the referee—the plaintiff was not bound to place funds in the hands of the forwarding agent at Utica, to pay for the cheese, or to demand the delivery of the butter and cheese before bringing his suit for a violation of the contract.   It is strongly intimated in the case of *Cook* v. *Final*, (13 *Wend.* 285,) that where the time for delivery of articles contracted for is not fixed, as in this case, a demand before suit brought is necessary.   The legitimate object of a demand is to

Clark v. Crandall.

enable a party to discharge his liability agreeably to the nature of it, without a suit at law. It is not required when it would be useless, as when the party has disabled himself from complying, or by his declarations and conduct has furnished evidence from which to infer a waiver of it. If the letter was true, the cheese had been sold, and a demand would have been idle and was therefore unnecessary. Allowing the letter before referred to to be genuine, the plaintiff's case was a very simple one; and if he had had but one count in his declaration, and that upon the written contract, the evidence must have been brief and a recovery certain. By inserting divers counts and proving them all, it is uncertain upon which the report of the referee is founded. The admission of proof of the parol stipulations of the parties contemporary with their written agreement was improper, and exceptionable. The influence which it had upon the mind of the referee, the court cannot estimate. For aught that appears, in making up his judgment he gave full effect to it, and held that by the agreement the defendant was to draw.for his pay on delivering the butter and cheese, instead of receiving ready money. He may have found the weight of evidence in favor of the genuineness of the letter, and dismissed the improper evidence from his mind as wholly immaterial. The safe rule is, where improper evidence has been admitted and which is essentially material, to grant a new trial. There is no certainty or safety in reasoning upon the effect it might have had. The law holds that the best efforts of the court directed to that end, are inadequate to its obliteration from the minds of the jury, and that a justice of the peace, hearing inadmissible evidence, cannot.be reposed in as having power to entirely disregard it in making up his judgment. (13 *John.* 350. 10 *Id.* 128. 15 *Id.* 239.)(*a*) This rule applies to a referee. It was for the referee in this case to determine from the evidence whether the letter was spurious or not. He undoubtedly exercised the prerogative, but the finding that it was gen-

(*a*) See Cunliff *v.* The Mayor, &c. of Albany, (2 Barb. Sup. Court Rep. 190;) Myers *v.* Malcom, (6 Hill, 292, and note (b).)

uine does not appear affirmatively; nor was it indispensable he should so find, to justify his report, if he gave effect to the evidence improperly admitted. If he believed it was spurious the plaintiff had not made out a case. This uncertainty renders it necessary that the report should be set aside; and as the cause may depend upon a question of fact upon which the referee has passed, it should be tried at the circuit, or a new referee be appointed.

Motion granted.

