## CLARKE *vs.* CRANDALL.

Where the non-performance of a condition precedent is occasioned by the act of a party, either disqualifying himself for performing on his part, or by his giving notice that he will not perform, the party seeking his remedy is not bound to aver performance or readiness to perform, on his part, but may allege the facts constituting his excuse, and if the proof sustains them he will establish his right to recover such damages as he can show he has suffered by the non-performance of the other party.

Where a declaration, grounded upon the breach of a contract for the sale and delivery of butter and cheese, which was to be paid for by the plaintiff on delivery, averred that before the time when the delivery was to be made, the defendant gave notice to the plaintiff that he should not fulfill the contract, and had sold the property, and that the plaintiff, relying on such notice, did not provide the funds to pay for, nor make ready to receive, the property, as he otherwise should have done; *Held* that the declaration was sufficient.

The second count of the same declaration averred that the defendant, for the purpose of preventing the plaintiff from being ready to receive and pay for the property, falsely and fraudulently represented that he had sold the same, and that therefore the plaintiff did not provide the means, and was not prepared to receive and pay for the property as he otherwise would have been. *Held* that this count also was good.

THIS is an action, brought previous to the code, to recover damages for the non-delivery of a quantity of butter and cheese, pursuant to a written contract entered into between the parties, and bearing date August 18th, 1845. The case was first tried before a referee, who reported in favor of the plaintiff. This report was set aside at a general term of the supreme court in the sixth district, on the ground that the referee admitted parol evidence tending to vary the written agreement. The case will be found in 3 *Barb. S. C. Rep.* 612. Opinion by Morehouse, justice. The cause was afterwards tried before a jury at the Madison circuit, and a verdict rendered for the plaintiff. The defendant appealed to the supreme court, where the verdict was set aside and a new trial ordered upon the ground (among others) that the plaintiff having *alleged performance* of a condition precedent on his part, could not be permitted to *prove an excuse for non-performance* of the condition precedent. This case is reported in 7 *Barb.* 169. The plaintiff

having got leave to amend his complaint, a batch of demurrers grew out of these amendments. These demurrers were argued before Judge Pratt, who decided that all the pleadings on both sides were bad; and inasmuch as the complaint was bad, he allowed the plaintiff to amend on the payment of costs. The plaintiff amended the complaint (being the first two counts) and the defendant immediately demurred to the first count. The defendant then moved to strike out the second count, claiming it to be inconsistent with the first count. The motion was heard before Judge Balcom, who denied the motion. The defendant then demurred to the second count also, and the plaintiff joined in both demurrers. Both demurrers were argued in August, 1857, before Judge Balcom, at a circuit and special term at Ithaca, and he decided the case in favor of the plaintiff. The defendant now appealed from Judge Balcom's decision, on both demurrers, to the general term.

*P. Gridley*, for the appellant.

*T. Jenkins*, for the respondent.

*By the Court,* BACON, J. This case is not a stranger to our courts, and what may be deemed a little remarkable, after having been twelve years upon its travels has come back again to the starting point, and is now just ready to take a new departure. It would be as unprofitable, as it is unnecessary, to trace all its career in all the stages of its chequered history; since the only point now presented is the sufficiency of the declaration; the defendant having demurred to the only two counts which are now before the court. Notwithstanding the elaborate reasoning and the formidable array of authorities in the defendant's points, the question is really a very simple one, and, as it seems to me, can easily be disposed of upon well settled rules of pleading.

The declaration is grounded upon the breach of a contract for the sale and delivery of butter and cheese, which was to be

Clarke v. Crandall.

paid for by the plaintiff, on delivery; and the first count avers that before the time when the delivery was to be made, the defendant gave notice to the plaintiff that he should not fulfill the contract, and had sold the property, and that the plaintiff, relying on the said notice, did not provide the funds to pay for, nor make ready to receive, the property, as he otherwise should have done. The second count avers in substance that for the purpose of preventing the plaintiff from being ready to receive and pay therefor, the defendant falsely and fraudulently represented that he had sold the butter and cheese, and that therefore the plaintiff did not provide the means, and was not prepared to receive and pay for the same, as he otherwise would have been.

It is insisted on the part of the defendant, that the contract to deliver, and the contract to pay, being mutual and dependent, there can be no recovery without an averment of performance, or a readiness to perform, on the part of the plaintiff; and this whether the other party is ready and willing to perform the contract on his part or not. Numerous authorities are cited to sustain this doctrine, which, as a general rule, may be conceded. But that is not the question in this case. The question is whether a party may not aver and prove a state of facts which will excuse the performance of a condition precedent on his part; and whether the excuse is not sufficient where it is alleged that the non-performance was occasioned by the act of the other party. Such seems to be the conceded rule in the three opinions which this case has already called forth.

Thus, Justice Morehouse, in the case reported in 3 *Barb.* 614, 15, speaking of the letter by which the defendant apprised the plaintiff that he had sold the cheese, says, "allowing this letter to be genuine, the plaintiff was not bound to place funds at Utica, to pay for the cheese, or to demand a delivery before bringing a suit for a violation of the contract. A demand is not required when it would be useless, or when the party has *disabled himself from complying*, or by his declarations and conduct, has furnished evidence from which to infer a waiver."

Thus, also, Mr. Justice Gridley, in the same case, again reported in 7 *Barb.* 170, 1, says: " As to the question of pleading, it is not disputed that it was a condition precedent to a right in the plaintiff to recover, to show some lawful excuse which would operate as a waiver of the condition, and a dispensation of its performance." And in like manner Mr. Justice Pratt, in his opinion, asks " What is a sufficient excuse?" and he answered the question by saying, " It is clearly sufficient that the party was prevented from performing by some act of the other party." These are all authorities of the highest respectability, and they all concur in affirming the rule upon which the plaintiff has proceeded in framing his counts, to wit, that an averment that the plaintiff was prevented from performing, or being ready to perform on his part, by the act of the defendant, is a sufficient excuse, and dispenses with the necessity of an allegation of performance or readiness to perform. The opinion of Judge Pratt, it may be remarked, was given upon quite a different state of pleadings from the declaration now before us, but even as the case was then stated, upon the principle of pleading conceded by him, I should hesitate somewhat at coming to the conclusion at which he arrived. In the face of such a notice on the part of the defendant, it surely would have been an idle and useless ceremony on the part of the plaintiff to go through the formality of providing funds to pay for property which the defendant had announced he never intended to deliver, and which, if he was to be believed, he had wholly disabled himself from delivering. And if no such preparation or readiness is required to be proved, no such averment in the complaint is demanded.

The doctrine stated in the three opinions I have above cited seems to me not only sound in principle but well sustained by the rules laid down and the language held in many adjudged cases. Thus in *Fleming* v. *Gilbert*, (3 *John.* 528,) the question was on the strict performance of a condition precedent, and proof was given tending to show that a literal com-

pliance with the condition had been waived by the plaintiff. Thompson, J. says, "The plaintiff's conduct can be viewed in no other light than as a waiver of a compliance with the condition of the bond. It is a sound principle that he who prevents a thing being done shall not avail himself of the non-performance he has occasioned." The same principle is in substance declared by Judge Spencer in *Moakley* v. *Riggs*, (19 *John.* 69,) where he states the proposition that an engagement to perform an act on the previous performance of an act by the other party, cannot be enforced without showing the previous act done, or that its performance was dispensed with or prevented by him who was to perform the act; and in *Mayor of New York* v. *Butler*, (1 *Barb. S. C. R.* 337, 8,) where the court say, "no party can insist upon a condition precedent when its non-performance has been caused by himself. Such non-performance would not prevent the vesting of an estate, nor can it prevent the accruing of a right, or its enforcement by action. It, in effect, amounts to a waiver."

There is another class of cases where the principle is well settled that wherever a right of action by one party depends upon his demanding performance of some act, or the execution of some instrument, by the other party, a demand or an offer or a tender of the thing to be done, is unnecessary, if the party has disabled himself from performance, or gives notice that he will not perform. Such is the case of *Franchot* v. *Leach*, (5 *Cowen*, 506,) where one question was whether the vendor was bound to seek the vendee and tender a deed before bringing his action. It appeared that before the day appointed for the delivery of the deed, the vendee gave notice that it would be of no use to make the tender, for he should not fulfill, and the court clearly intimate that under this state of facts, no tender was necessary. To the same effect is the case of *North* v. *Pepper*, (21 *Wend.* 636,) in which it is held that in an action of covenant, where by the contract the consideration was to be paid and the convey-

ance made at a future day, if previous to the stipulated day the purchaser gives notice that he has made up his mind to abandon the contract and not accept a deed, it is sufficient to allege such notice, and it is not necessary to aver either a tender of the deed, or a readiness to perform.

In *Traver* v. *Halsted,* (23 *Wend.* 66,) it is decided that a notice given by a purchaser of real estate to the vendor, previous to the day appointed for the execution of the conveyance, that he will not accept the conveyance, excuses the vendor from a strict performance on his part. (*See also to the same effect, Blood* v. *Goodrich,* 9 *Wend.* 68.)

So where A. promises to convey land to B. as soon as the latter shall pay A. a certain sum of money, and A. conveys the land to a stranger, it is held that B. is at once entitled to his action, without payment or tender of the money. (*Newcomb* v. *Brackett,* 16 *Mass. Rep.* 161.) In the opinion of the court a very apposite case is cited from *Yelverton's Reports,* 76, where the plaintiff declared on a promise to deliver on a given day 15 out of 17 tads of wool to be chosen by the plaintiff upon payment of £5, and averred readiness to pay, yet that the defendant had not delivered. Verdict for the plaintiff, but judgment arrested because it was not averred that the plaintiff had chosen the 15 tads out of 17, which was a condition precedent; but Popham, C. J., said if the defendant had sold one of the tads before the election to be made by the plaintiff that had destroyed the election, and made the promise absolute. "The same law" he adds "if the defendant would not have permitted the plaintiff to see the wool that he might make an election, for that had excused the act to be done by the plaintiff and had been a default by the defendant."

These cases all speak one language, and are substantial applications of the rule, that where the non-performance of a condition precedent is occasioned by the act of a party either disqualifying himself for performing on his part, or by his giving notice that he will not perform, the party seeking his

remedy is not bound to aver performance or readiness to perform on his part, but may allege the facts constituting his excuse, and if the proof sustains them, he will establish his right to recover such damages as he can show he has suffered by the non-performance of the other party. The counsel for the defendant seems to suppose that the second count is in tort, and not in contract. But this is manifestly erroneous. It counts upon a breach of the contract, and alleges the fraudulent act of the defendant not as the substantive ground of recovery, but as a reason for the want of preparation on the part of the plaintiff to receive the property and provide funds for the payment which was to be made on his part

I think both counts are good, and that the judgment appealed from, should be in all things affirmed.

[ONONDAGA GENERAL TERM, April 6, 1858. *Bacon, W. F. Allen* and *Mullin,* Justices.]