## SAMUEL I. PARKER *vs.* AHIMAZ W. WARREN & another.

A deputy sheriff to whom an execution has been committed for service may, after the expiration of thirty days from the rendition of the judgment, maintain an action in his own name, without a previous demand, upon a written receipt for personal property attached by him, in which the receiptors agreed to redeliver the same to him on demand at a specified place, or, in case no demand should be made, to redeliver the same as aforesaid within thirty days from the rendition of the judgment, if it appears that the property has been delivered by them to the debtor and by him been sold.

An action by a deputy sheriff upon a receipt for attached property, will not be defeated by proof that, during the pendency of the action in which the attachment was made, the debtor was put into insolvency by proceedings instituted against him by a creditor, and that the action on the receipt is not prosecuted by the assignee, if an order was passed in the court of insolvency that the attachment should survive, and the assignee, by leave of court, prosecuted the original action to final judgment and execution in his own name, and the execution which issued thereon was duly delivered for service to the officer, by the attorney of the creditor and of the assignee.

In an action by a deputy sheriff upon a receipt for attached property, the superior court has power, after the plaintiff has rested his case, to allow him to amend his return upon the execution which issued upon the judgment recovered in the suit in which the attachment was made, by adding that the execution was committed to him for service within thirty days after the rendition of judgment, and that within that time he endeavored to levy the same upon the property attached: and to introduce such amended return in evidence.

CONTRACT by a deputy sheriff, upon a receipt executed by the defendants for oxen attached by the plaintiff on a writ in favor of Abial Nichols against Daniel T. Bardin, and delivered to the defendants for safe keeping. The receipt was in the ordinary form, containing an agreement to redeliver the property on demand at the hotel of John D. Hull, in Dalton, and containing also the following provision: " And I further agree that if no demand be made upon me, I will within thirty days from the rendition of judgment in the action aforesaid redeliver all the above described property as aforesaid, that the same may be taken in execution."

At the trial in the superior court, before *Ames,* J., the plaintiff proved, by the evidence of the attorney of Nichols, that the execution was delivered to him for service within thirty days after the rendition of judgment, which was on the 10th of December 1859.

Parker *v.* Warren & another.

It further appeared that, during the pendency of the action against Bardin, proceedings in insolvency were instituted against him, and a warrant was issued against his estate, and an assignee chosen, who obtained an order in the court of insolvency that the attachment should survive, and was admitted to prosecute the suit in his own name to final judgment and execution, which he did; employing the attorney of Nichols for this purpose The receiptors left the oxen attached with Bardin, who sold them before the institution of the proceedings in insolvency.

The plaintiff also introduced in evidence, under objection, the execution, dated December 15th 1859, and his own return thereon, which is copied in the margin,* and rested his case.

The defendants objected that this action could not be maintained in the name of the plaintiff, unless prosecuted by the assignee of Bardin; but the court overruled the objection. They also asked the court to instruct the jury that it was incumbent on the plaintiff to prove, not only that the execution was received by him within thirty days after the rendition of the judgment, but that it was so received for the purpose of levying the same, and that he made effort within that time to levy the same upon the oxen. At this stage of the trial, the plaintiff moved for leave to amend his return upon the execution, and he was allowed, under objection, to make the addition thereto which

---

* Berkshire, ss. Dalton, January 17th 1860. By virtue of this execution in my hands for collection, I have made diligent search for property of the within Daniel T. Bardin, and finding none, and not being directed to arrest the body of said Bardin, I return this execution wholly unsatisfied.

On the eleventh day of October 1858, I attached upon the original writ of Abial Nichols against said Daniel T. Bardin, one pair of red stags and one double wagon, which writ was dated October 11th 1858, and returnable to the October term of the court of common pleas next to be held in and for the county of Berkshire.

The within execution is the same issued upon the judgment rendered in said action, and A. W. Warren and W. R. Wheaton made and executed the annexed receipt to me of said attached property, and the said Warren and Wheaton wholly failed and neglected to deliver said attached property within thirty days from the rendition of said judgment, at the place specified in said receipt.

S. I. Parker, Dy. Sheriff.

Parker *v.* Warren & another.

is copied in the margin,* and to introduce the same in evidence.

The court instructed the jury that it was incumbent on the plaintiff to prove that the execution was delivered to the officer within thirty days after the rendition of the judgment, and that he made reasonable effort within that time to levy the same upon the oxen ; and that the return as amended was evidence of those facts.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*A. J. Waterman,* for the defendants.

*M. Wilcox,* for the plaintiff.

DEWEY, J.    The right of the plaintiff to maintain this action seems very clear, upon the application of well settled principles to the case.

1. The action is properly brought in the name of the officer to whom the receipt for the property was given, and to whom the promise to keep and deliver the same was directly made. The delivery of attached goods to a third person as a receiptor is solely an affair of the officer, and is not done by virtue of any statute provision on the subject.    The officer's duty is to keep them in his own possession, unless the attachment is dissolved, upon an application for that purpose, by giving bond with sufficient sureties in the manner stated in Gen. Sts. *c.* 123, § 104.

2. The officer must be liable over to some other person for the property, to entitle him to maintain an action against the receiptor of personal property attached.    In the present case,

---

* Berkshire, ss.  Nov. 22, 1860.  By leave of the superior court, I hereby make this addition to my return on the execution hereto annexed, and in amendment thereof, that is to say : I hereby certify that said execution was delivered to me by A. C. Morse, the attorney of the creditor, within thirty days after the rendition of judgment on which the execution issued, to wit: on or about the twenty-fifth day of December A. D. 1859, for service, and that by virtue of said execution, and within the thirty days after the said judgment, I made diligent search for property of the execution debtor, wherewith to satisfy the said execution, and was unable to find any, and therefore returned the execution unsatisfied.                                 S. I. Parker, Deputy Sheriff.

there was no liability to the debtor, inasmuch as the property was, upon taking the receipt, passed over to him, and has been since sold by him. But the officer is also responsible for the property attached to the creditor, or plaintiff in the suit in which the attachment was made; and in the present case the assignee of the debtor succeeds to the rights of the creditor under certain provisions found in our insolvent laws. This attachment was continued under the provisions of *Sts.* 1841, *c.* 124, § 5, and 1855, *c.* 66, which authorize such continuance in proceedings' of a compulsory character, as well as in those which are commenced upon the application of the debtor himself. The assignee, having obtained from the court of insolvency an order that the lien created by the attachment made by the officer should continue, and the suit be prosecuted by the assignee for the benefit of the creditor, stood in the same relation to the attaching officer, in reference to this attachment, as the original plaintiff; and the only further inquiry is, what would be the relation and liabilities of the officer, and the receiptor to the officer, in such a case. The officer was made responsible for the property by the placing in his hands of the execution which issued upon the judgment within thirty days from the judgment. What then was necessary to be done by the officer to charge the receiptors? It was held in *Webster* v. *Coffin*, 14 Mass. 196, that where the receiptor had suffered the owner of a ship, which was the property attached, to resume his possession, and take her to sea, the officer's right of action accrued without any demand. In the present case the property was not only delivered into the possession of the debtor, but was actually sold by him before the judgment was rendered. But this case is more like that of *Hodskin* v. *Cox*, 7 Cush. 471, where the form of the receipt for the property was very similar to that in the present case, both having the peculiarity of containing a provision that if no demand should be made on the receiptor, he should, within thirty days from the rendition of judgment in the action, redeliver all the described property, at a certain place named. And the court there held, that no demand was necessary, and that it was sufficient if the officer had the execution in his hands, and

was ready to receive the property and levy thereon. The fact of such execution having been duly placed in the hands of the officer was fully proved by evidence other than the officer's re-turn. The officer's return was therefore only necessary to show his continued holding of the execution and his readiness to levy the same upon the property, or, to take the rule stated by the presiding judge upon the trial of the present case, to show that he made reasonable effort within the thirty days to levy the same upon the property attached and receipted.

.Without expressing any opinion whether anything more was necessary to be shown than that the officer had the execution in his hands, and was ready to receive the property and levy thereon, in either aspect the return of the officer was proper to that extent, as within the legitimate scope of an officer's return. But it would not be competent evidence to prove that he had made a demand on the receiptor, if such demand was neces-sary, as that would be a matter he must prove by other modes than his own return on the execution.

To the extent that the officer's return was competent as evi-dence, his amended return was admissible in evidence, and to this extent no objection exists to the court giving leave to the officer to amend his return.          *Exceptions overruled.*