By the Court—Monell, J.
By the terms of the contract, the vendors had the option to deliver the hops on any day during the months of October and November, either the first, the last, or any intermediate day. They were subject to J. S. Brown’s inspection, “or other mutually satisfactory.” The defendants purchased the contract from the vendee subject to all its provisions, which they agreed to fulfill; aud they also agreed to pay the vendee, on the delivery of the hops, ten and one-half cents per pound.
The notice from the Messrs. Browns, on the 28th November, of their readiness to deliver the hops from the warehouses where they were stored, was sufficient as a tender of the hops. (Slingerland v. Morse, 8 Johns., 474; La Farge v. Rickert, 5 Wend., 187.) The hops had been inspected by the person designated in the contract, and the storage receipts and inspector’s certificate were offered to be delivered to the defendants and were refused.
Upon the failure of the defendants to receive the hops and pay the contract price, the plaintiff had a right to perform for them; and their refusal to receive the hops from him, authorized a sale, after notice, at the best market price which could be obtained. (Sands v. Taylor, 5 Johns., 395; Bement v. Smith, 15 Wend., 493.)
*136 The market value of hops on the 30th November was immaterial. The plaintiff’s remedy, after tender and refusal, was two-fold. First. To hold the hops, subject to the , order of the defendants, and at once sue for the contract price; of, second, to sell the hops, after notice to the defendants, for the best price which could be obtained, and sue for the difference between that and the contract price. (Cases above cited.) The plaintiff was not bound to sell the hops on the 30th November. He could hold them just so long as he was willing to take the risk of the solvency of the defendants. They were subject to the order of the defendants, who could, at any time, have paid for the hops, and availed themselves of a better market. Whenever the plaintiff desired to close the transaction, he could have given notice to the defendant and have proceeded to sell on their account.
It was admitted by the defendants that the hops brought what was a fair price on the 26th December. The market value at any other time was,- therefore, immaterial.
The objections to reading the several letters in evidence, were not well taken. They were necessary and proper to lay the foundation of the plaintiff’s right to recover. They proved the offer to deliver the hops, demand of payment and notice of the subsequent sale.
The rule of damages was correct. The plaintiff was entitled to recover the difference between the contract price and the sum he obtained for them on the 26th December, -with interest on that difference from the day of sale. (Sands v. Taylor, Bement v. Smith, supra, 2 Pars, on Con., 484; Sedg. on Damages, 282.)
The objection made by the defendants was that they had not had any opportunity to examine the hops. Mr. McAndrew, one of the defendants, was asked what took place between him and the plaintiff in reference to the contract, and he answered: “I do not recollect seeing him “ until I told him that we could not take those hops with- “ out having an opportunity to examine them; that was *137 “ the ground, and the sole ground, of our objection; that we “ had not had an opportunity to examine them and ascertain “ their quality.”
I think the fair construction of the contract is that the inspection of J. S. Brown, should, prima facie, be sufficient proof of the quality and quantity of hops, unless the inspection of some other person, mutually satisfactory, was agreed upon. I do not understand that his inspection was objected to, but the defendants claimed the right to examine for themselves. The certificate of the inspect- or was not conclusive and it was proper - for the defendants to have shown that it was incorrect. The selection of an inspector was for the vendors’ convenience, to enable them, on the day fixed, to tender performance of their contract, and the correctness of any inspection by him was open to inquiry by the defendants. They could not object, therefore, to receiving the hops merely on the ground that they were not satisfied with the inspection, even though they had objected on that ground. The vendors had done all the contract required of them; they had procured the inspector’s certificate, which was the only condition precedent to their performance.
The facts in this case distinguish it from McMahon v. N. Y. & Erie R. R. Co., (20 N. Y. R., 463,) relied on by the defendants’ counsel. There the contract provided that the work should be executed under the direction of the engineer of the company, by whose measurement the quantity of work was to be determined, and whose decision, relative to the execution of the work, the quantity, &c., should be final and binding upon both parties. The action was by the contractor for work and labor, and the defendants insisted that he was concluded by the measurement of their engineer. The Referee found that the measurements were erroneous, in fact, were made ex parte, without notice to the contractor, and without giving him an opportunity to be present; and that the defendants were requested to have measurements made by the engineer, or to have those already made, reviewed, which the defendants refused. *138 The Oourt say, the engineer’s estimate, if legally made, is absolutely conclusive upon the rights of the plaintiff, and therefore “ he ought, in justice, to have at least the opportunity of being present, when that in which he is so deeply interested is done.” That as the contractor in such cases, is dependent entirely upon the skill and integrity of the company’s agent, he ought at least to have such protection as a right to notice might afford.
In the case now before the Oourt, there was no condition in the contract that the inspection of J. S. Brown was to be binding or conclusive upon the parties.. As has been already said, it was inserted for the convenience of the vendors, and was not in itself proof of absolute verity.
But the learned Judge in the case above referred to, says: - “this conclusion alone, without some excuse on .the “part of the plaintiff for not having procured a proper “final estimate to be made, would not support the decision “ of the Referee. But such an excuse is afforded by the “ latter part of the paragraph in the statement of facts, “already cited, which states that the defendants ‘were “ requested ’ to have estimates, measurements, &c., made, “ and that they ‘ refused.’ ”
I am not able to find in the case before us, any evidence of a request made to the vendors, to have the hops inspected, or that any objection was made to them in respect to the quality or quantity. Upon the purchase of the contract from the plaintiff, the defendants became the vendees, and were bound to treat directly with the Browns in respect to the delivery of the hops. The contract with the Browns then belonged solely to the defendants, and the plaintiff had no interest in it. His only interest was in the ten and one-half cents advance. If the defendants claimed another •inspection, such claim was made to the plaintiff; if they objected because they had had no opportunity to examine the hops, they objected to the plaintiff. I think if they had a right for these reasons to object, it should have been to the Browns, with whom, by the assignment, they had *139 become the contracting parties, and who had tendered to them, directly a delivery of the hops.
¡ To reverse the case. Suppose the defendants had demanded a delivery of the hops, tendering the price, as the contract gave them the option of delivery, and it had been refused on the ground that they could not procure the certificate of the inspector, would their inability to furnish an inspection be a defense ? I think not. They could deliver without a certificate, the inspection being for their benefit alone. The inspection, therefore, was not a condition precedent to a delivery. The delivery or tender of delivery would be good without it, and it did not conclude the defendants from showing it to be “ erroneous in fact,” as was done in McMahon v. N. Y. & E. R. R. Co. (supra.)
If these views of the law of the case are correct, it follows, that there was no question of fact to be submitted to the Jury. The Browns had a right to deliver on the last day, and demand payment. On the refusal of the defendants to receive and pay, the plaintiff had a right to perform for them, and they are answerable for the additional price they agreed to pay.
There was no dispute about any of the material facts in the case, and there was therefore nothing to submit to the Jury.
The requests to charge, made by the defendants’ counsel, were of propositions contrary to those here stated, and were properly refused.
• None of the exceptions were well taken, and judgment should therefore be ordered for the plaintiff on the verdict.