By the Court, Monell, J.
The evidence of a demand and of a settlement was contradictory. These were the only questions for the jury, and they having been found against the defendant, the verdict cannot be disturbed. The sufficiency of the demand, unaccompanied by any offer to pay, is a question of law properly raised by the motion to dismiss the complaint.
By ' the terms of the contracts the defendant had the whole of the sixty days to. make or tender delivery, and there could have been no breach of the contracts, until the last of the sixty days had expired. (Dustan v. McAndrew, 10 Bosw. 136.) Hence a demand before the expiration of the sixty days was not only unnecessary but would have been unavailing. •
The verdict establishes that the demand was made after the stock was due. That question was distinctly submitted to the jury. The demand, therefore, was sufficient in point of time; and if the verdict can be made to cover the evidence (of the witness Hart, that when he made the demand the defendant “ did not say he would not deliver the stock, but that he could not; he was not able,” it would remove all difficulty, if otherwise there was any, as to the sufficiency of the demand in point of law.
The evidence of Hart alluded to, was left to the jury under the instruction of the justice, that if they believed *283 it, the plaintiff would he entitled to recover. As the verdict was general, we must intend, that the jury found as a matter of fact, that the defendant was unable to and could not deliver the stock. That was a waiver of any further offer to perform by the plaintiff. (Story on Sales, § 453 a. Clark v. Crandall, 3 Barb. 612.)
But I do not think an offer to pay was requisite to render the breach sufficient to sustain the action. The delivery and payment were concurrent" acts. The seller was not bound to deliver without payment, nor the purchaser to pay without delivery. Ability to pay, coupled with a willingness to perform, is all that is required of a vendee, (Bronson v. Wiman, 8 N. Y. Rep. 182,) and Hart testified to his readiness to pay for the stock, if it had been delivered.
Not only was a tender of payment unnecessary, but I think a demand of any kind was not required to put the defendant in default. The time for the delivery was fixed by the contract. The vendor had the whole of the sixty days. He could deliver on the first, the last or any intermediate day. He was bound to deliver within the prescribed period. Immediately on the expiration of the limited time the defendant was in default, and the right of action arose for the breach in not delivering. Under such a contract a demand was not necessary. (Story on Sales, § 453, and cases there cited.)
None of the objections to the rejection of evidence were well taken. Such evidence, as is now claimed by the appellant, might have had possibly some remote bearing in support of the allegations of fraud set up in the answer. But proof that the stock was controlled by “ a pool; ” or, that Hart had entered into a combination with others to control all the shares of the mining company, would not establish any of the allegations of fraud or misrepresentation set up in the answer. The evidence was, I think, properly excluded.
I think the judgment and order should be affirmed, with costs.
*284 Robertson, Ch. J.
Ño demand by or on behalf of the plaintiff, during the running of the contracts in suit, would have been of any avail, and to have made one eo instanti at the moment of their maturity, being at the last hour of the sixty days, would have been impracticable, if not impossible. A demand at any time afterwards, seems by the authorities to be unnecessary; (Story on Sales, § 453, and eases cited;) but they fail to dispose of the question, whether if such demand be not made, it is not necessary to establish the readiness and ability of the vendee during the whole period fixed by the contract, to perform it on his part, so that if the vendor should tender performance at any time on his part, the former could forthwith have fulfilled his obligation. That seems to be the rule when a contract is to be performed on a specified day, (Lester v. Jewett, 1 Kern. 453; Stevenson v. Maxwell, 2 Comst. 408; Coonley v. Anderson, 1 Hill, 519; Bronson v. Wiman, 8 N. Y. Rep. 182;) or when each party has the right to determine within a fixed period the time for performance, (Dunham v. Mann, 8 N. Y. Rep. 512, 513,) and might by parity of reason be extended .to contracts similar to those in controversy.
But if a demand supplying the place of readiness on the part of the plaintiff to perform at all times during the running of the contract was necessary to sustain this action, it clearly need not have been made at the instant the defendant made default. A demand within a reasonable time after the contracts matured, should be all that was necessary. On that point the evidence was clear. • The broker who made the contracts (Hart) testified that he demanded their performance- about the time the second contract became due, which was after the 23d of July, (when the first contract fell due,) the second maturing about the 11th of August. Twenty days would clearly not have been an unreasonable time, within which to make a demand, or even the week of two afterwards which elapsed before the plaintiff made a second demand. Hart further testified that he was ready to pay for *285 the stocks when he demanded them, and that on such demand the defendant declared his inability to deliver them, which of itself was a waiver of any offer on the part, of Hart to perform, (Story on Sales, § 453, a ; Clark v. Crandall, 3 Barb. 612,) if that were necessary.
The evidence as to any settlement of the first contract was conflicting, and submitted to the jury. None of the exceptions to the admission or rejection of evidence were well taken. I concur in the opinion that the judgment should be affirmed, with costs.