SUMNER J. SMITH

*vs.*

PETER JORDAN et al.

Where no statutory enactment intervenes, it is competent for a court of equity to rectify a deed or written contract upon clear and satisfactory proof, by parol evidence, that it fails, either on account of fraud or mistake of fact, to express the agreement or intention of the parties.

When, in consequence of fraud or a mistake of fact, the *meaning* and *intention* of the parties are not expressed, a Court will reform the writing, though it is in the very language agreed upon.

A general demurrer can only be sustained when the pleading does not state any cause of action; it does not reach duplicity or an improper joinder of causes of action.

The presumption is, when nothing appears to the contrary, that the revenue laws have been complied with.

Where the defendant has made performance of the contract impossible a demand of performance is not necessary to give a right of action.

This is an appeal taken by the defendants from an order of the District Court for Washington County, overruling a demurrer to the complaint. The complaint and demurrer thereto appear in the opinion of the Court.

CORNMAN & STICKNEY and J. N. CASTLE for Appellants.

H. N. SETZER for Respondent.

*By the Court*—WILSON, Ch. J.—This case comes before us on an appeal from an order of the District Court of Washing-

ton County, overruling a demurrer to the complaint, which is in the following language : "This plaintiff avers that on the ninth day of May, 1866, at the city of Stillwater, Minn., the plaintiff purchased of the defendants, and the said defendants then and there sold to this plaintiff, and then and there agreed to deliver to this plaintiff, in the boom of the St. Croix Boom Corporation, all the pine saw-logs cut and hauled during the winter of 1865 and 1866, by the said defendants ; and this plaintiff then and there agreed to purchase the said pine saw-logs, and to pay for the same the sum, and at the rate of ten dollars per thousand feet, for all the pine saw-logs cut by the defendants, such payment to be made at the times and places, in a written agreement contained, as hereinafter set forth. And this plaintiff further avers that at the time and place above set forth, and in confirmation of the contract for the sale of the said pine logs hereinbefore mentioned, this plaintiff and the said defendants interchangeably made and executed the following agreement in writing, to wit: 'This agreement made by and between Peter Jordan and Samuel Matthews, under the firm name of Jordan & Matthews on the one part, and S. J. Smith on the second part, witnesseth, that the parties of the first part have sold, and do hereby sell to the party of the second part all their logs cut by them in the winter of the year A. D. 1865 and 1866, the same being marked thus—[mark] called star, double anchor, star, and will deliver the same in the St. Croix Corporation Boom, as soon as circumstances connected with driving the same will permit, and will warrant and defend the party of the second part in the peaceable possession of the same. And the party of the second part agrees to pay to the parties of the first part ten dollars for each and every thousand feet for all logs coming into his possession, according to the Surveyor General's scale at Stillwater, Minnesota, and will advance in the month of

June, upon demand of the parties of the first part, two thousand dollars on this contract.

(Signed)        { SAMUEL MATTHEWS,   { Rev. Stamp,
                { PETER JORDAN,      {   5 cts.'
                { S. J. SMITH.

And this plaintiff avers that at the time of executing the above instrument it was the intention of the defendants to sell to this plaintiff, and of this plaintiff to purchase of the defendants all the pine saw-logs, the property of the said defendants, cut by them during the winter of 1865 and 1866; that at the time of making said agreement the defendants represented to this plaintiff that all the pine saw-logs cut by them during the winter of 1865 and 1866 were marked [mark] called star, double anchor, star; that the representations thus made by the said defendants were false, and that in truth and in fact the said defendants used two other and somewhat different marks to mark the logs cut by them during the said winter, to wit: [mark] called star, double anchor, diamond, and [mark] called double anchor, four notches, and this plaintiff avers that in consequence of the false representations of the defendants above mentioned the [mark] called star, double anchor, star, was by mistake inserted in the written agreement above set forth, as the only mark of the logs cut by the defendants during the winter of 1865 to 1866; that in order to truly show the contract entered into by and between the said parties, the instrument in writing above set forth should be reformed by adding [mark] star, double anchor, diamond, and [mark] double anchor and four notches, as the marks of a majority of the saw-logs thus sold and purchased as aforesaid, and that the reforming of the contract as aforesaid will carry out the real and *bona fide* intention of the parties at the time of signing and delivering the said agreement, and rectify said mistake.   And this plaintiff avers that he has duly per-

formed all the conditions on his part to be done and perform-
ed, in pursuance of the foregoing agreement; that in addition
thereto, at the special instance and request of the defendants,
he paid to said defendants the sum of twenty dollars, as part
payment for the said pine saw-logs thus purchased by him as
aforesaid.

That the amount of the pine saw-logs cut by the defendants
during the winter of 1865 and 1866, after deducting the
stumpage or proportion due from them for the license to cut
said logs, and the property of the defendants at the time the
agreement above mentioned was made and entered into,
amounted to not less than eight hundred thousand feet of
lumber in logs. That the said defendants drove the said pine
saw-logs into the boom of the St. Croix Boom Corporation
some time in the month of June, 1866, and prior to the com-
mencement of this action. That this plaintiff did demand of
the said defendants the delivery of the said logs to him; but
the said defendants, not regarding their said promise and
undertaking, but contriving and intending to injure and de-
fraud this plaintiff, did not nor would not deliver the said
pine saw-logs nor any part thereof to this plaintiff, either in
the boom of the St. Croix Boom Corporation nor elsewhere,
but wholly neglected and refused so to do; and this plaintiff
avers that the said defendants took the said pine saw-logs,
and did sell and deliver the same to other and different par-
ties, to wit: to Daniel Howes & Co. And this plaintiff avers
that since the purchase by him of the pine saw-logs from the
defendants, as above set forth, the price of pine saw-logs raised
considerably, and the said pine saw-logs greatly increased in
value; that the value of the said pine saw-logs, in the boom
of the St. Croix Boom Corporation, during the summer of
1866, was the sum of sixteen dollars per thousand feet; that
by the refusal of the defendants to deliver the said pine saw-

logs to this plaintiff, this plaintiff has lost and been deprived of divers great gains and profits, which otherwise would have accrued to him, and that the damages accruing to this plaintiff from the cause aforesaid is the sum of five thousand dollars.

Wherefore this plaintiff demands the judgment of this Court, that the agreement hereinbefore set forth be reformed so as to transfer all the logs cut by the defendants during the winter of 1865 and 1866, and further, that the defendants be adjudged to pay to this plaintiff damages to the amount of five thousand dollars, together with the costs of this action."

The ground of demurrer stated is, that "it appears upon the face of the complaint that the same does not state facts sufficient to constitute a cause of action."

In his argument the defendants' counsel more minutely specifies his ground of objection, and urges that the complaint is bad, because:

1. A written instrument cannot be contradicted by parol.

2. The writing is in language and substance in accordance with the intention of the defendants.

3. The *words* of the writing were understood and assented to by both parties.

4. A Court will not reform a contract and award damages for its breach in the same action.

5. The contract is void for want of a revenue stamp.

6. The complaint does not show that " circumstances connected with driving the logs " permitted a delivery before the commencement of this action.

7. Plaintiff has not alleged a sufficient demand ; and

8. He has not alleged an offer or tender of performance on his part.

We will examine these objections in the order above stated. As to the first, it seems now to be well settled where no stat-

Smith v. Jordan et al.

utory enactment intervenes, that it is competent for a court of equity to rectify a deed or written contract upon clear and satisfactory proof, by parol evidence, that it fails, either on account of fraud or mistake of fact, to express the agreement and intention of the parties. Judge Story says: "One of the most common classes of cases, in which relief is sought in equity, on account of a mistake of facts, is that of written agreements, either executed or executory. Sometimes, by mistake, the written agreement contains less than the parties intended; sometimes it contains more; and sometimes it simply varies from their intent by expressing something different in substance from the truth of that intent. In all such cases, if the mistake is clearly made out by proofs, entirely satisfactory, equity will reform the contract, so as to make it conformable to the precise intent of the parties." *Story Equ. Jur.*, Sec. 152. See also *Ib., Sec.* 153, where the same author says: "It has indeed been said that where there is a written agreement, the whole sense of the parties is presumed to be comprised therein; that it would be dangerous to make any addition to it in cases where there does not appear to be any fraud in leaving out anything, and that it is against the policy of the common law to allow parol evidence to add to or vary the terms of such agreement. As a general rule there is certainly much to recommend this doctrine. But however correct it may be as a general rule, it is very certain that courts of equity will grant relief upon clear proof of a mistake, notwithstanding that mistake is to be made out by parol evidence." See also *Henkle vs. Royal Ex. Co.*, 1 *Vs. Sr.*, 317; *Gillespie vs. Moore*, 2 *J. C. R.*, 385; *Bradford vs. Union Bk. of Tenn.*, 13 *How. U. S. R.*, 57.

Neither the facts assumed nor the inference drawn in the second ground of objection can be assented to. The complaint, the allegations of which are admitted by the demurrer,

we think shows an unintentional and innocent rather than an intentional and fraudulent misrepresentation as to the marks of the logs. It unquestionably alleges one or the other, and fraud is not to be presumed when it is not positively or clearly charged or proven. But whether the error in the written contract is the result of the intentional or unintentional misstatements of the defendants is immaterial, for a court of equity has power to correct it as well in the former as in the latter case. *De Peyster vs. Hasbrouck*, 1 *Ker.*, 587; *Rider vs. Powell*, 28 *N. Y.*, 310; *Wiswall vs. Hall*, 3 *Paige*, 313; *Bossford vs. McLean*, 45 *Barb.*, 478; 42 *Ib.*, 445. A court of equity does not assume to make a contract for parties, or in any way to modify their contracts or obligations. When a contract is tainted with fraud, the Court does not consider it as binding on the innocent party, and will on his motion set it aside, inasmuch as it never received his assent and does not express his meaning. The complaint is not in such case that the written contract does not express the real agreement and intention of the parties, but that there was *no* agreement; the pretended agreement not being understood or assented to, and being vitiated by fraud. In such case of course there can be no reformation, for there is no contract to which the parties have assented, and to which the writing can be made to conform.

The case at bar is very different. The charge is here—that the agreement of the parties was not correctly reduced to writing; that the error is the result of fraud or mistake; the question is whether, under such circumstances, the Court has power to rectify such mistake. The third objection of the defendants to the complaint is also invalid. A court of equity looks to the spirit and meaning, and not to the letter; it has power to reform the *contract* so as to make it conform in *substance* and *effect* to the agreement and intention of the

Smith v. Jordan et al.

parties. It would be a reproach to the system of equity jurisprudence to say that its power to rectify mistakes is limited to those cases where the *language* used is not in the very words intended, but does not reach those cases where, in consequence of a mistake of fact, the *meaning* and *intention* of the parties are not expressed by the words. Neither reason nor the adjudicated cases so far limits the jurisdiction of the Court. See authorities last cited above. *Bradford vs. Union Bk. of. Tenn.*, 13 *H. U. S. R.*, 55; *McCurdy vs. Breathit*, 5 *Monroe*, 234; *Burditt vs. Simms*, 3 *J. J. Marsh*, 190; *Gillespie vs. Moore*, 2 *J. C. R.*, 585; *Story's Eq. Jur.*, Sec. 168, and cases cited. *Francis' Maxims*, 62, and cases cited.

The fourth objection is not well taken, for if the plaintiff has stated facts sufficient to constitute a cause of action, the demurrer must be overruled, whether he is entitled to the whole of the relief prayed for or not. This is a general demurrer, and it can only be sustained where the pleading does not state any cause of action. It does not reach duplicity or an improper joinder of causes of action. Even if this objection to the pleadings exists, which we do not intimate, it could not be taken advantage of in this way.

It is sufficient to say as to the fifth objection, that it does not appear from the complaint that the written contract was not properly stamped, and the presumption is that the revenue law was complied with. *Thayer vs. Barney*, 12 *Minn.*, 513.

The sixth objection is also without any foundation, for it is alleged that the defendants did "drive" the logs into the boom of the St. Croix Boom Co., (the place where they were to be delivered), prior to the commencement of this action.

The seventh and eighth objections may be answered together. The complaint shows that the defendants, by the sale of the logs to Daniel Howes & Co., disqualified them-

selves from performing the contract. After this either a demand or tender would have been an idle ceremony, which the law, under such circumstances, does not require. 1 *Chitty's Pl.*, 330; *Armory vs. Brodrick*, 5 *B. & Ald.*, 712; *Bowdell vs. Parsons*, 10 *East.*, 359; *Newcombe.vs. Brackett*, 16 *Mass.*, 161; *Clark vs. Crandall*, 27 *Barb.*, 73.

The order appealed from is affirmed, with leave to defendants to *answer* within twenty days after notice of this decision.