FREEMAN *against* ADAMS.

THIS was an action of debt on an arbitration bond. The defendant, after craving *oyer* of the bond and condition, pleaded, 1. That the arbitrators, or any two of them, did not make an award between the parties, according to the form and effect of the condition of the bond. 2. That no award in writing was made, on or before the 1st day of *July*, 1809, after the date of the bond, being the day limited for making the award, by the condition.

To the first plea, the plaintiff replied, that before the time limited by the condition of the bond, for making the award, to wit, on the 21st *June*, the time for making it was, by agreement, under the hands and seals of the parties, enlarged until the 1st day of *August* then next; and that the arbitrators did, after executing the bond, and after the enlargement of the time for making the award, and within the time appointed, to wit, on the 15th *July*, 1809, at, &c. take upon themselves, &c. and made an award in writing, under their hands and seals, of and concerning the premises, in the said condition mentioned; and set forth the *award*, of which the defendant had notice, &c.

There was a similar replication to the second plea. The defendant demurred to the replication, and the plaintiff joined in demurrer.

*Weston* and *Z. R. Shepherd*, in support of the demurrer, con-

No action lies on the penalty of an arbitration bond, for the non-performance of an award, where the award is not made within the time specified in the condition of the bond; tho' the parties, by an agreement under their hands and seals, had enlarged the time for making the award, and the award was made within such enlarged time. The proper remedy is on the submission implied in the agreement to enlarge the time.

tended that no action could be maintained on the penalty of an arbitration bond, where the award was not made within the time originally limited by the condition of such bond; but that if any action would lie, it must be on the new agreement for enlarging the time of making the award, the first agreement having expired by efflux of time. They cited 3 *Term Rep.* 592. *Brown* v. *Goodman,* in note. *Tidd's Pr.* 756.

*Skinner* and *Van Buren,* contra, insisted that the objection was purely technical, and ought not to prevail, unless supported by good authority. The case of *Brown* v. *Goodman* was from manuscript, and no other case is to be found in the books to support the doctrine. In *Evans* v. *Thompson,*[*] it was decided merely, that the new agreement virtually incorporated the antecedent agreements of the parties. By the enlargement of the time, the second is substituted in the place of the first, and the parties stand in *statu quo,* on the original agreement.[†] The action must be on the original agreement, and the enlargement of the time or new agreement comes out in the replication; as where the statute of limitations is pleaded, the new promise is stated in the replication. The time of performance of the condition of a bond or written contract may be enlarged by *parol.*[‡] Again, it may be observed that in *Brown* v. *Goodman,* it does not appear whether the agreement to enlarge the time was before or after the expiration of the time mentioned in the condition of the bond. Here it was made before the expiration of the time first limited.

[*] 5 *East,* 189. 8 *Term Rep.* 87.

[†] *Kyd on Awards,* 138. 3 *Bro. Ch. Cas.* 358.

[‡] *Keating* v. *Price,* 1 *Johns. Cases,* 22. *Gilbert* v. *Fleming,* 3 *Johns. Rep.* 528.

*Per Curiam.* The single question presented by the pleadings is, whether an action will lie upon the penalty of an arbitration bond, for the non-performance of an award, when it appears that the award was not made within the time specified in the bond, and when it appears that the parties, by an agreement under their hands and seals, endorsed on the bond, had enlarged the time, and that the award was made within such enlarged time. The case of *Brown* v. *Goodman,* (E. 29 G. K. B. cited in a note to 3 *Term Rep.* 592.) is a solemn determination of the K. B. upon the very point, and made after argument upon demurrer. By that decision, a suit will not lie upon the bond. The party has another remedy upon the submission implied in the agreement to enlarge the time. This case has been since considered

as sound law; (*Tidd's K. B.* 756. 5 *East*, 191.) and as the principle is incontrovertible, it must govern this case. The case of *Philips* v. *Rose* (8 *Johns. Rep.* 392.) is an authority in this court to show that if a contract be subsequently changed, you must declare otherwise than on the contract itself. There is a wide difference between this case of a suit to enforce the bond, in consequence of such agreement, and a plea of a discharge by the obligee from a strict and literal compliance with the obligation, according to the doctrine in *Fleming* v. *Gilbert.* (3 *Johns. Rep.* 528.)

NEW-YORK,<br>May, 1812.

Judgment for the defendant.