Dewey, J.
This was an action of debt. The declaration contains two counts, one on an award, and the other on the submission bond. Both counts show that the condition of the bond was to perform an award to be made on or before the 1st of December, 1841; that on the 27 th of November, 1841, the par *587 ties, by an agreement under their hands and seals written upon the bond, extended the time within which the award should be made to the 1st of January, 1842; and that the award was made on the 4th of December, 1841. A general demurrer to the declaration was overruled: The Court assessed the damages by consent, and rendered a final judgment for the plaintiff.
The question arising under the second count is whether an action will lie on the arbitration bond ?
A decision made by the Supreme Court of New York is directly in point that it will not, but that the remedy is upon the submission implied in the agreement to enlarge the time. Freeman v. Adams, 9 Johns., 115. Highly as we regard the authority of that Court, we can not yield to it on the present occasion. The decision was founded on Brown v. Goodman, *3 T. R., 592, n., and Evans v. Thompson, 5 East, 191, was also quoted. Brown v. Goodman is very concisely and vaguely reported. The agreement to submit was by deed, but it does not appear whether the agreement to enlarge the time of making the award was by deed or parol. The Court, intimating that the plaintiff had another remedy, held that no action would lie upon the bond of submission. This case was subsequently reviewed in the Kiug's Bench, and 'it was only upon the supposition that the agreement to enlarge was by parol that it was recognized by law. Creig v. Talbot, 2 B. & C., 179. In Evans v. Thompson, there was a motion, under a statute, for an attachment for not performing an award. The foundation of the proceeding was a bond conditioned for the performance of an award to be made within a specified period, which had been subsequently extended by an agreement (probably under seal) written on the bond. The award was made within the enlarged time. The Court viewed the agreement to extend the time as virtually incorporating within itself all the stipulations of the bond, with the time for making the award enlarged. The attachment was granted. Creig v. Talbot, before referred to, can not in principle be distinguished from the cause under consideration. It was an action of debt on *588 an arbitration bond, the original time for making the award was extended by a subsequent agreement under seal, the award was made within the enlarged time, and the question whether an action could be maintained on the bond, arose under a demurrer to the declaration. The Court, after remarking upon Brown v. Goodman, and relying upon Evans v. Thompson as an authority in point, considered the effect of the subsequent agreement was merely to enlarge the time appointed in the condition of the bond for making the award, and decided that the action was maintainable. And this, we think, was the proper view of the subject.
D. 8. Major and D. Macy, for the plaintiff.
J. Hyman, for the defendant.
But it is contended by the, plaintiff in error that the agreement in this cause to extend the time of making the award did not authorize it to be made on any day but the 1st of January, 1842. This objection can not be sustained. The condition of the bond required the award to be made on or before the 1st of December, 1841. The subsequent *agreement did not designate the 1st of January as the day on which it should be made, but extended the period within. which to make it to that date. It was made within that, period.
The Circuit Court was correct in overruling the demurrer . in regard to the second count. That being sufficient, the judgment for the plaintiff was regular. But we know of no objection to the first count, and none is urged by the plaintiff in error.
Per Curiam.—The judgment is affirmed with costs.