By the Court, Gridley, J.
The plaintiff declared against the defendant in this cause, for the breach of a written contract executed by the parties on the 18th of August, 1845. By this contract the defendant agreed to sell his butter and cheese to *170 the plaintiff, to be sent to Boston, on the condition that Clark should pay five dollars per hundred for the cheese, boxed and delivered in Utica, and twelve and a half cents for the butter; and when the produce should be sold, the profits were to be equally divided between the parties, after paying all charges, if the sales should be made above these prices. The plaintiff averred performance on his part, and a neglect and refusal on the part of the defendant to perform his part of the contract. It was proved on the trial that the place designated for the delivery of the butter and cheese in Utica, was the warehouse of Butler & Livingston. It appeared also that on the 2d of September the plaintiff, who resided near Boston, instructed the defendant, by letter, to send on the cheese and butter to Boston ; and to draw on Parkes, Baldwin & Parkes, of Boston, at sight, signing his own name to the draft for the amount, directing it to be placed to the account of Truman Clark, and assuring him that the draft would be paid at sight. The defendant did not consent to this proposed change in the contract, but took the cheese to Butler & Livingston at Utica, and finding that the plaintiff had provided no funds to pay for the same, made a contract of sale with Messrs. Hubbard <fc Walker, and after-wards delivered it to them. The plaintiff gave no evidence of a performance on his part by showing that he was ready and willing to pay for the butter and cheese at Utica; but sought to show an excuse for his omission to perform his contract, by means of a letter bearing date on the 8th of September, 1845, and purporting to be signed by the defendant, stating that the time having elapsed, within which the plaintiff was to have written to the defendant, he had sold the cheese and butter to another person. The defendant objected to a recovery, upon the ground that the letter was not proved; and also that it was not competent for the plaintiff, under an allegation of performance, to prove an excuse for non-performance.
I. As to the question of pleading. It is not disputed that it was a condition precedent to a right in the plaintiff to recover, to show that he was ready and willing to receive the butter and cheese at the place agreed upon in Utica, and pay for the same; *171 or to show some lawful excuse which would operate as a waiver of the condition and a dispensation of its performance. The rule was so laid down by Chief Justice Spencer in Mockley v. Briggs, (19 John. 71.) Again, in Porter v. Rose, (12 Id. 212,) it was decided that where “ one agrees to sell and deliver, and the other agrees to receive and pay, an averment by the purchaser, in case he sues for the non-delivery, of a readiness and willingness to pay, is indispensably necessary ; and that consequently the readiness and willingness to pay is matter to be proved on his part, whether the other party was at the place to deliver the thing contracted for, or not.” (See also 2 Wend. 399, and cases there cited.) In this case the defendant proved that he was present and was ready and offered to deliver the property in question to Butler & Livingston on payment of the sum agreed on, but the plaintiff had furnished no funds. There can be no pretence that the defendant was bound to deliver the butter and cheese without payment being made; or that he was obliged to part with his property on the assurance of the plaintiff, in his letter of September 2d, 1845, that the defendant’s draft on strangers, in Massachusetts, would be duly honored. It then appears that a material issue in the cause—a condition precedent to the plaintiff’s right to recover—was not only not proved by the plaintiff, but disproved by the defendant. No one can doubt that thus far, both on the pleadings and the proofs, the defendant was entitled to a nonsuit, or a verdict. To avoid this result the plaintiff offered, and the justice who presided at the trial received, evidence of an excuse for non-performance, instead of the actual performance of the condition which he had alledged. This evidence consisted, in part, of the aforesaid letter, alledged to have been written and sent to the plaintiff on the 8th of September, 1845. The admission of this evidence was in our judgment erroneous. There was no appropriate issue in the pleadings for the admission of this evidence. To allow a party who had averred the actual performance of a condition precedent, to show an excuse for its non-performance, would be contrary to the first principles of pleading. The object of pleading is to inform the adverse party of the facts relied *172 on by the pleader, to enable such adverse party to meet them by opposing proof. The better opinion therefore is, notwithstanding some cases that seem to look the other way, that, as a general rule, an averment of performance will not be sustained by evidence of a legal excuse for non-performance. Nor can this ruling now be upheld on the ground of the liberal provisions for amendments contained in sections 145 and 146 of the code of 1848. No amendment was asked for. And if it had been, a question would have arisen whether the defendant had not been misled; and he might have sworn that he was. The objection to this evidence, and its legal effect, was taken in due time, and we think should have prevailed.
II. We are also of the opinion that errors were committed both in the admission of evidence, and in the charge of the judge, upon the question of fact whether the letter of the 8th of September was actually written or sent by the defendant.
(1.) As to the admission of evidence. The testimony of handwriting, to charge the defendant, was very slight, even if it did not rest wholly on an opinion formed from the comparison of hands; while the evidence produced by the defendant, to show that the letter was not in his hand-writing, was exceedingly strong. With the view, therefore, of strengthening the case of the plaintiff on this point, the plaintiff was permitted to prove by the postmaster of Edmeston, Otsego county, that it appeared by the post office books that there was a letter mailed on the 8th of September which was sent “ Eastward.” Now if this was pertinent at all, it was to raise a presumption that the letter, which was mailed “Eastward,” was the letter given in evidence; and that, being mailed on that day it was probably the act of the defendant. This was most dangerous testimony. It was quite likely to exercise an important influence on the minds of the jury; when it is easy to see that so far from identifying the two letters, the letter thus mailed may have been directed to any other place in New England than the residence of the plaintiff, and to any other person than the plaintiff himself, and may have been deposited in the office by any other individual than *173 the defendant. Such evidence is too loose and mischievous in its character to be tolerated.
(2.) As to the charge of the justice, upon the question whether the letter was genuine, the justice charged in favor of its genuineness, among other things, in these words, “ Who wrote the letter, if Crandall did not ? Who but Crandall knew that Mr. Hoppack had offered more for his butter and cheese 7’ Now we can not but think that this part of tSm marge was calculated to mislead the jury. In truth them had. been no evidence at all, in relation to any offer by Hoppack. ThofcVfbá u ratter stated in the letter, and was assumed aci tine by the justice, -and on that assumption he founded en an ¿ament in fjvor of the g@3yineness of the letter. The charge, therefore, was substantially a direction to the jury that in determining the question whether the letter was genuine, they might assume certain facts stated in it as true, and thus infer, from the nature of those facts, that they could only have been known by the defendant; and therefore that the defendant must have been the author of the letters. We think the learned justice erred in supposing that the jury could rightfully assume, without proof, the truth of any statement in a letter which was challenged as a forgery, and when the issue before the jury was, whether it was a forgery or not. (9 Cowen, 674.)
Other important questions were discussed by the counsel, but it becomes unnecessary to pass upon them.
A new trial is granted.