## HOLMES *against* HOLMES.

Evidence of the *waiver* of a tender by the opposite party is competent, and sufficient, to support the averment of a tender.

THIS action was commenced in the supreme court in July, 1850. The complaint sets out an agreement under seal, made January 10, 1850, by which the defendant covenanted to sell the plaintiff his farm for $70 per acre ; and that he would " on the first day of May next, at the county clerk's office in the town of Poughkeepsie, between the hours of eight o'clock A. M. and six P. M.," on receiving from the plaintiff the sum of $70 per acre, $6000 of the price in a bond and mortgage and the residue in cash, execute a proper conveyance for conveying and assuring the land mentioned to the plaintiff, free of all incumbrances and with full covenants. The agreement contained also a covenant by which the two parties mutually bound themselves in the sum of $1000, which they consented to fix and liquidate as the amount of damages to be paid by the failing party for his non-performance. The complaint then avers that the plaintiff on the day mentioned " was ready and desirous to fulfill the said agreement in all things on his part; that he attended at the hour and place in said agreement mentioned, and offered and tendered to the said defendant the payments in and by the agreement specified, by a bond and mortgage as mentioned therein of $6000,

and the residue in cash;" that the defendant did not per-form on his part, and did not and could not convey a good title; and demands judgment for the $1000 damages fixed in the agreement.

All these allegations, except the execution of the agree-ment, are put in issue by the answer specifically. Upon the trial before Mr. Justice BARCULO, without a jury, at the Dutchess circuit, in March, 1851, it was proved that the parties were both, on the day appointed, at the clerk's office; that the defendant said he was unable to convey the land free from incumbrances; that the plaintiff said he was ready to perform on his part, and offered the mortgage prepared by him to the defendant; that his counsel then said he had the money ready, and asked if it would be necessary to get specie, which, it was said, could be pro-cured from the bank; to which the defendant's counsel replied, in his presence, that he supposed not. No objec-tion was made to the bond and mortgage prepared and offered by the plaintiff. This testimony was objected to upon the ground that it tended to prove a waiver, which was not pleaded, instead of a tender, upon which issue had been taken. The objection was overruled and the defen-dant excepted. Judgment was rendered for the plaintiff for the whole amount claimed, which was affirmed at gene-ral term. (12 *Barb.*, 137.) The defendant appealed to this court.

*N. Hill, Jr.*, for the appellant.

*James Emott* for the respondent.

GARDINER, Ch. J., delivered the opinion of the court.

The exception taken, it will be perceived, presents a mere question of pleading. It virtually admits that the evidence was such as to authorize the presumption that the formalities of a legal tender were dispensed with by the

assent of the parties, but it insists that this evidence was inadmissible under the complaint, which in terms avers a tender in fact.

The covenants between these parties, it is to be observed, were dependent. The plaintiff, who was the purchaser, bound himself among other things to pay the sum specified in the agreement to the defendant, at the day and place therein mentioned, and was then to receive a deed which should convey a perfect title to the premises. He did not covenant that he would make a tender. This was no part of the stipulation between the parties, but a substitute for the payment of the money allowed by law, provided a literal performance of his contract was prevented by the act or omission of the vendor. The averment of the tender was simply an affirmation, as Mr. GREENLEAF remarks, that the plaintiff had done all that was in his power to do towards the fulfillment of his obligation. This averment, it is conceived, would be substantially established by proof that the other party had prevented or dispensed with some of the legal requisites of a formal tender; in other words, that he had consented that notwithstanding the omission of certain formalities, what had been done was all that the debtor could do towards the performance of his contract. If, in this case, the debtor had been forcibly prevented from producing the money, it would have been equally true that he had done all in his power towards the fulfillment of his obligation, as though he counted out the coin in the presence of his creditor. So, if the creditor had agreed that notwithstanding the non-production of the money the transaction should, as between them, be treated as a tender. His acts and his agreement in the cases supposed would both be evidence to support the averment, and would substantially maintain the issue on the part of the plaintiff. (2 *Greenl. Ev.*, § 603, *and cases.*) Now the waiver found in this case is nothing but the consent of the vendor, acted upon by the vendee, that the money should be considered as coin exhi-

bited to the creditor, so far as those circumstances affected the rights of the parties. Thus in *Thomas* v. *Evans* (10 *East*, 101), it was said, in reference to a plea of tender, that "the actual production of the money due in moneys numbered was not necessary, if, the debtor having it ready to produce and offering to pay it, the creditor dispense with the production of it at the time, or do any other act equivalent to that." So if the tender is made in bank notes or a bank check, if the want of its being in coin is waived. (2 *Greenl. Ev.*, § 662, *and cases.*) In *Harding* v. *Davies* (2 *Carr. & Payne*, 77) the proof in support of a plea of tender, and which was held to maintain it, showed merely that the defendant expressed a willingness to pay, and that another person proposed to go up stairs for the money, to which the plaintiff replied that he could not take it. This, it is true, was at *nisi prius*, but it shows the understanding of the court and counsel that the plea authorized the evidence, whatever might be thought of its sufficiency as a waiver. In *Douglas* v. *Patrick* (3 *Term R.*, 683), under a similar plea it was held that it was no objection to the tender that the money was not actually produced, because what was said by one of the plaintiffs superseded the necessity of it.

It has been remarked that a tender is an act *in pais* and no part of the contract. This constitutes the distinction between *Baldwin* v. *Munn* (2 *Wend.*, 399), and the cases there referred to by Judge SUTHERLAND, and the one before us. Where the agreement is changed it must be counted on as modified, for the obvious reason that it is the only one subsisting between the parties. Hence, where the contract was to erect a mill at a particular time and place, and the plaintiff averred performance, it was determined that evidence that it was erected at a different time and place, by agreement with the defendant, did not support the declaration. (*Philips* v. *Rose*, 8 *John.*, 392; 9 *John.*, 115; 3 *Term R.*, 590; 4 *Cow.*, 566). The cases referred to by the

counsel for the defendant are all of this character, and should have no influence upon the question in this cause.

I think that the decision of the learned judge was right upon principle and authority, and that the judgment of the supreme court should be affirmed.

The whole court concurred.

Judgment affirmed.