FRANK S. EDMINSTER, Respondent, *against* JAMES COCH-RANE, Appellant.

(Decided December 2d, 1878.)

Where the defendant covenanted with the plaintiff to pay him a certain sum of money, provided plaintiff obtained a power of attorney, duly acknowledged, authorizing plaintiff to receive the money and to execute a bill of sale, and the plaintiff procured the power of attorney, which was acknowledged by a notary, but without a certificate of the county clerk of the county in Vermont where the acknowledgment was made, that the notary was a notary public of that county, and the defendant, after examining the power, told plaintiff to take it to his attorney, and the defendant's attorney made no objection to the want of the certificate, but said it was all right. *Held*, this amounted to a waiver of the certificate, and that the defendant could not take advantage of that defect in an action brought upon the covenant, for the reason that he or his attorney should have objected to the want of certificate at the time, so that the plaintiff might be able to supply that defect. But *held* also, that the waiver should have been averred in the pleading as an excuse for full performance, and could not be given in evidence under a general averment of the performance of the covenant.

APPEAL by the defendant from a judgment of this court entered upon a verdict, and from an order denying a motion for a new trial made upon the minutes.

The action was brought by Frank S. Edminster upon a written covenant made by the defendant, under seal, to pay

plaintiff a sum of money upon the condition precedent, that plaintiff should obtain from one Harvey Miller, of Vermont, a power of attorney, duly acknowledged, authorizing plaintiff to receive said money and to execute a bill of sale for said Miller, and should exhibit such power of attorney to the defendant.

The complaint set forth the written covenant, and alleged that the plaintiff "·well and truly performed all the terms and conditions in said writing contained incumbent upon him." This allegation was denied by the answer.

Upon the trial, the plaintiff introduced in evidence a power of attorney, under seal, purporting to have been executed by Miller in the county of Windsor, Vermont, in the presence of two subscribing witnesses, and to have been acknowledged there before one Batchelder, a notary public of that county, and introduced evidence that plaintiff obtained this from Miller, and exhibited it to defendant; that defendant told plaintiff to take it to defendant's attorney; that plaintiff did so, and that the attorney said the paper was all right. This testimony as to the acceptance by the defendant of the paper as duly acknowledged, to the allowance of which by the court the defendant took an exception, was contradicted by the attorney, who was called as a witness for the defendant, and testified that he told plaintiff that the power of attorney was not properly acknowledged, and needed a certificate that Batchelder was a notary public. The case was submitted to the jury by the court on the question of fact, whether or not the defendant accepted the paper as fulfilling the condition, or refused to accept it as not duly acknowledged, and the jury found for the plaintiff.

*Levi S. Chatfield* and *Jones Cochrane*, for appellant.

*Wm. H. O'Dwyer*, for respondent.

VAN HOESEN, J.—Though a question might well have been made whether the power of attorney did not comply with the terms of the agreement, inasmuch as the acknowl-

edgment was in due form, yet, at the trial, and on the argument of this appeal, both sides agreed that the acknowledgment ought to have been authenticated, and that if it had not been waived, the exhibition to the defendant of the certificate of the court clerk of Windsor County, authenticating the signature and the official character of the notary, would have been prerequisite to the accruing of plaintiff's right of action. Though the power of attorney was not to be recorded, it might be necessary to use it as evidence in an action; and for that reason, doubtless, both parties conceded that the acknowledgment should be so authenticated that no oral proof should be required of the execution of the instrument. It became necessary, therefore, for the plaintiff to show that the defendant had waived his right to have the acknowledgment properly authenticated. This waiver he attempted to show by proving that the attorney to whom Cochrane, the defendant, referred him, after examining the power of attorney and the acknowledgment of the notary, raised no objection to the want of any certificate from the Windsor County clerk, but said that the acknowledgment was all right. If this be so, the defendant could not, after suit brought, revive his claim to the clerk's certificate. If no objection existed to the acknowledgment, no reason existed why the plaintiff should not get his money, and by application to the courts, if necessary; and it would be unfair to allow the defendant to defeat the action because the acknowledgment which he had declared to be all right was not so authenticated that the power of attorney could be read in evidence.

This case seems to me to be like that of *Fleming* v. *Gilbert* (3 Johns. 528). If objection had been made to the acknowledgment as defective, the plaintiff might have obtained from the clerk of the court of Windsor County the proper certificate of authentication. It may be that the plaintiff has sworn falsely in testifying that the defendant's attorney expressed his satisfaction with the acknowledgment as presented, but if his statement be true—and the jury found that it was so—the defendant dispensed with the necessity

for the clerk's certificate.  It is a case of waiver, not of estoppel.  (*Crawford* v. *Lockwood*, 9 How. Pr. 547.)

It is objected, however, by the appellant that evidence of waiver was not admissible under an allegation of performance.  That objection is well taken.  (*Oakley* v. *Morton*, 11 N. Y. 26 ; *Hosley* v. *Black*, 28 N. Y. 438, 443 ; *Crandall* v. *Clark*, 7 Barb. 172 ; *Baldwin* v. *Munn*, 2 Wend. 399.) The Court of Appeals has decided that where a tender is pleaded, it may be shown that the formalities of a tender were dispensed with.  (*Holmes* v. *Holmes*, 9 N. Y. 525.)  But the court there draws a distinction which shows that case not to be applicable here.  Judge Gardiner, delivering the opinion, says :  " The plaintiff *bound himself to pay* at the day named, and then and there to receive a deed.  *He did not covenant that he would make a tender*.  This was no part of the stipulation between the parties."  That was an action of covenant, brought to recover $1000 as stipulated damages on the refusal of the defendant to convey certain land in conformity with his agreement.  The plaintiff pleaded a tender of the purchase price, and, to sustain his averment, offered to show that he was told it was not necessary to produce the money, though he was ready and willing, and offered to produce it. " The amount of tender was," said Judge Gardiner, " simply an affirmation that he had done all in his power towards the fulfilment of his obligation."  In the case at bar, the plaintiff was bound by his covenant to make a tender of the duly acknowledged power of attorney.  He did not make such a tender, but had a good excuse for not making one.  That excuse it was his duty to aver ; and under the settled practice it could not be proved, as it was not pleaded.  It is to be regretted that an amendment of the pleadings was not asked for by the plaintiff at the trial, as it would have been granted without terms, and almost as a matter of course. (*Hosley* v. *Black*, 28 N. Y. 443.)

As the evidence was objected to, I think the judgment must be reversed.  The difficulty is not removed by the plaintiff's offer, at the argument, of the certificate of the Windsor County court clerk authenticating the acknowl-

edgment. Nor will it be of any service to offer it on a new trial. Unless there was a waiver of it before suit brought, the exhibition of it to the defendant was, as I have said, a condition precedent to the plaintiff's right of action. A condition precedent is not to be performed at general term, nor at any other stage of the action. If the plaintiff had actually tendered the certificate before suit, but had omitted to introduce the certificate in evidence at the trial, it would have been proper to produce it here, or even in the Court of Appeals. (*Bank of Charleston* v. *Emeric*, 2 Sandf. S. C. R. 718.)

CHARLES P. DALY, Ch. J., concurred.

Judgment reversed and new trial ordered, costs to abide event.