JOHN T. BAXTER, PLAINTIFF, v THE BROOKLYN LIFE INSURANCE COMPANY, DEFENDANT.

*Pleading — action on a policy of life insurance — the burden of proving service of the notice required by chapter 341 of 1876, as amended by chapter 321 of 1877, rests upon the company, and its failure so to do need not be alleged in the complaint.*

In this action, brought by the plaintiff, as the assignee of a policy of insurance issued on May 24, 1884, upon the life of one Mattison, who died on September 6, 1884, the complaint alleged the payment of the quarterly payment required to be made by the policy. The answer denied the payment of the installment due August 24, 1884. No evidence of the payment of this install-ment having been given upon the trial the defendant moved for a nonsuit.

*Held,* that the motion was properly denied, as the company was prevented from forfeiting the policy by its failure to serve the notice prescribed by chapter 341 of 1876, as amended by chapter 321 of 1877.

That the burden of proving that the notice specified in said act had been served rested upon the defendant, and that the plaintiff was not required to allege its failure to serve it in the complaint.

MOTION by the defendant for a new trial on exceptions taken at the Cattaraugus Circuit, and ordered to be heard at the General Term in the first instance.

*Charles E. Cary,* for the plaintiff.

*William H. Ford,* for the defendant.

BRADLEY, J.:

The action is upon a policy made by the defendant May 24, 1884, on the life of Joel J. Mattison, to the amount of $3,000, payable to

Maria Mattison, his wife, within sixty days after the receipt of proofs of his death, subject to the condition that twenty dollars and ninety-seven cents be paid in advance on the delivery of the policy, and a like sum on the twenty-fourth day of August, November, February and May, in every year during the continuance of the contract, and that the policy be void, if any premium, or any part of a premium, be not paid when due. The insured died September 6, 1884, and the requisite proofs of death were furnished to the defendant more than sixty days before the commencement of this action. The alleged cause of action against the defendant, upon the policy, was assigned to the plaintiff.

There is no evidence that the quarterly premium which became due the 24th day of August, 1884, was paid. And that is the ground of the exceptions taken to the denial of the defendant's motion for nonsuit, and to the direction of a verdict for the plaint-iff. The complaint alleges payment of the quarter-yearly payments as required by the agreement with the defendant. And the answer denies payment of the installment due August 24, 1884. The failure to make such payment would be fatal to the plaintiff's recovery, but for the statute, which provides that no life insurance company shall have power to declare forfeited any policy, by reason of non-payment of any premium, until the expiration of thirty days after the service, on the person whose life is insured, of the prescribed notice, and in case the payment is made within that time the same shall be taken to be in full compliance with the requirements of the policy in that respect. (Laws of 1876, chap. 341, as amended by Laws of 1877, chap. 321.) It is contended by the defendant's counsel, that upon the allegations of the complaint, the issue presented by the pleadings is whether or not the payment was in fact made, and that the statute referred to is not available to the plaintiff, because he has not alleged, in support of his action, the failure of the defendant to serve the notice, required by the statute, to permit forfeiture of the policy for non-payment of the premium.

It is a rule of pleading that a waiver or excuse for non-perform-ance of a condition, precedent to a right of action upon a contract, must be alleged, to admit evidence of the fact. (*Baldwin* v. *Munn*, 2 Wend., 399; *Crandall* v. *Clark*, 7 Barb., 169; *Oakley* v. *Morton*,

11 N. Y., 25, 33.) And the question is usually raised by objection to evidence offered to prove such waiver or excuse, while here no proof was required as the protection against the right of forfeiture, without notice, was given by a public statute, of which judicial notice would be taken. This case, in that respect, therefore differs from those where the parties have, by agreement, modified their original contract, or by some arrangement the strict performance of its terms has been waived, or in some manner excused. Then it becomes a fact to be established by evidence, and the reason is apparent that the defendant should be advised by the allegations of the complaint, of such excuse relied upon, that he may traverse the issue tendered and be prepared to meet it at the trial. The law declares the continued validity of the contract of insurance, notwithstanding the failure to pay a premium on the day specified in the policy, and until default arising from failure to pay within the designated time after the statutory notice. The same reason, therefore, does not seem to exist for pleading the omission to pay on the day mentioned in the policy, and in support of the contract and the right of action, the failure of the defendant to serve the requisite notice to put the insured in default, as is applicable to a modification of a contract by the parties to it. There it is in some sense a new contract, and upon it the right of action rests. Here there is no modification of the contract of insurance, and no waiver or excuse for the non-performance of any condition precedent to relief by action, produced by any agreement or act of the parties subsequently to the execution of the contract, but the policy was made subject to the provisions of the statute, which became part of the contract at the time of its execution. And in view of this statute the allegation of performance was within the meaning of the contract as made. The practical interpretation and effect of it is that the insured is not in default for non-payment of a premium until the expiration of the time to pay, after the notice is given. This is fairly within the import of the statutory provision, that " in case the payment demanded by such notice shall be made within the thirty days limited therefor, the same shall be taken to be in full compliance with the requirements of the policy in respect to the payment of said premium." The contention that the plaintiff was not entitled to the benefit of the statute upon the issue made

by the pleadings is therefore not supported. The burden, we think, was with the defendant, to show that it had done what was required of it to put the person whose life was insured in default. This would seem to be so from the fact that the service of the notice is an affirmative act, to be performed by the company, and its existence is peculiarly within its knowledge. And in view of providing the means of preserving and producing such evidence, for the benefit of the insurance companies, the statute provides that an affidavit of the service of the notice shall be presumptive evidence of the fact of service. (Laws 1877, chap. 321, § 2 ) If these views are correct, it follows that in the absence of proof on the subject the presumption is that no notice had been served by the defendant upon the insured, that at the time of his death the policy remained valid, and that the plaintiff was entitled to recover.

The motion for new trial should be denied, and judgment ordered for the plaintiff on the verdict.

SMITH, P. J., and HAIGHT, J., concurred; BARKER, J., not voting.

Motion for a new trial denied and judgment ordered for the plaintiff on the verdict.