CORNELL v. FOX.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. SALE—RIGHT TO RETURN PROPERTY—TIME FOR RETURN.

Where, on the sale of a chattel, it was agreed that, if it should prove defective, it might be returned within two weeks, the purchaser was entitled to the whole of the last day of the fortnight, and a return between 9 and 10 o'clock p. m. on such day was sufficient.

2. SAME—PLACE OF RETURN.

Where it was agreed on the sale of a horse that he might be returned within two weeks if not all right, but no place for return was specified, a return to the barn where the purchase had been made was good, though the seller was absent.

3. SAME—ACTUAL RETURN—WAIVER BY SELLER.

Where it was agreed on the sale of a chattel that it might be returned within a specified time, if unsatisfactory, but the seller, before a return, declared he would not receive it back, an actual production of the chattel, with an offer to return, was waived.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by James M. Cornell against John M. Fox. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

David F. Manning, for appellant.
W. E. Benjamin, for respondent.

WILLARD BARTLETT, J. The defendant sold a horse to the plaintiff for $125. The agreement of sale provided that the plaintiff should be entitled to return the horse to the defendant within two

¶ 3. See Sales, vol. 43, Cent. Dig. § 816.

weeks if there was "anything the matter with him." The horse proved to be unsound, and on the last day of the specified period of two weeks the plaintiff sent the animal to the premises of the defendant, in the borough of Brooklyn, where the purchase had been made, by a messenger, who arrived there at 9:20 o'clock in the evening. The defendant was not present, but the messenger found his sister, who refused to receive the horse; saying that the defendant's stable was closed, and telling him to put the animal up in a neighboring livery stable. The present suit was brought to recover the purchase price, $125, and the expense to which the plaintiff was put for keeping him after the offer to return. The Municipal Court has awarded the plaintiff the $125 which he paid, but nothing more, and the defendant appeals to this court. According to the brief in behalf of the appellant, the sole question to be decided is whether the plaintiff ever returned the horse to the defendant, or made a valid or legal attempt to do so, and, if so, was he prevented by any act of the defendant which would excuse delivery and return within and at a reasonable time?

We think that these questions must be answered in favor of the plaintiff. He was entitled to the whole of the last day of the fortnight within which to return the horse. See Karker v. Haverly, 50 Barb. 79, 85. As no place was specified in the agreement at which the return might be made, the implication was that the horse must be offered to the seller at the place where the purchase was effected. The absence of the seller at the time and place when and where the offer to return was made did not invalidate the offer. Furthermore, there is testimony in the case sufficient to support a finding that the defendant, prior to the offer to return the horse, had declared to the plaintiff that he would not receive the animal back, and repudiated his agreement to that effect. Under these circumstances, it might well be held that the actual production of the horse at the defendant's premises, with an offer to return him, had been waived by the conduct of the defendant. Where the acts and declarations of a party are equivalent to notice to the other party that he does not intend to comply with the terms of the contract on his part and perform it, a tender by the first party is not called for. Cornwell v. Haight, 21 N. Y. 462. And see Stokes v. Mackay, 147 N. Y. 223, 234, 41 N. E. 496.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.